BRANHAM *v.* THE STATE.

96  307
121   4

1. Exceptions *pendente lite* to the overruling of a demurrer to an indictment cannot be considered by the Supreme Court, when no assignment of error has been made thereon either in this court or in the bill of exceptions by which the case is brought here for review.

2. One who obtains a loan of money by representing that he has been employed by a named person of known solvency and credit and has thus earned a sum of money which that person will shortly pay to him, and by promising to repay the loan out of that sum when collected, all of these representations being utterly false, and they and the promise being deceitfully made for the purpose of obtaining credit with the lender and defrauding him out of the money loaned, is guilty of being a cheat and swindler under section 4587 of the code.

June 10, 1895.

Indictment for cheating and swindling. Before Judge Ross. City court of Macon. March term, 1895.

The evidence showed, that defendant went to Ethridge and importuned him to lend him $10, representing that he (defendant) had been building some houses for N. B. Johnson, a merchant in Macon, that Johnson owed him some money, and that if Ethridge would lend him the $10, he would repay Ethridge out of the money Johnson owed him, that Johnson was out of the city but would be back on the next Saturday, and that defendant would then get the money from him and pay Ethridge out of it. Upon the faith of these representations and his knowledge that Johnson was a responsible man, Ethridge loaned defendant the $10, which he has never repaid. He never at any time worked for Johnson in building houses or otherwise, nor did Johnson owe him anything.

JAMES H. BLOUNT, Jr., for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, by HARRISON & PEEPLES, contra.

LUMPKIN, Justice.

1. The practice is well settled in this State, that when exceptions pendente lite to any ruling or decision of the trial court are filed, the same will not be considered or passed upon by the Supreme Court unless there is an assignment of error thereon. Under section 4250 of the code, this may be done in the Supreme Court after a case reaches here. It would answer the same purpose to make such assignment in the main bill of exceptions by which the case is brought to this court.

2. Under the facts summarized in the second headnote, the accused was, under the provisions of section 4587 of the code, properly convicted of the offense of being a cheat and swindler. According to that section, if any person, by falsely representing his wealth, obtains

a credit, and thus defrauds another person of anything of value, he shall be deemed guilty of this offense. The word "wealth," as used in this section, does not import a great fortune or vast possessions, as is frequently implied from its ordinary use; but its real meaning is the possession or ownership of such means or property as would reasonably entitle one to expect and receive the credit he seeks to obtain. Indeed, this word is at last a mere relative term. Among millionaires, a man worth only a hundred thousand dollars is poor indeed; while in some localities, a man worth five thousand dollars over and above all his liabilities would be considered a very wealthy citizen. In principle, and very properly, this section applies to one who, by falsely pretending and representing that he owns or has earned and will receive something of value which he neither owns nor is entitled to, thus defrauds another of his property, whether the amount involved be large or small. See *Hathcock* v. *State*, 88 *Ga.* 91, and the authorities there cited.        *Judgment affirmed.*