STOVER *v.* ADAMS.

1. Exceptions pendente lite upon which no error is assigned in the main bill of exceptions, and upon which counsel make no assignment before the argument of the case, can not be considered by this court.
2. Where an answer to a garnishment is accepted by the court over the objection of the plaintiff that it was not filed within the time prescribed by law, and the plaintiff in garnishment files exceptions pendente lite to this ruling, he is bound thereby until it is set aside or reversed, and can not at a subsequent term of court reopen the question by a motion to strike the garnishee's answer.

Argued October 14, — Decided November 8, 1901.

Garnishment.    Before Judge Harris.    City court of Cartersville. June term, 1901.

*James B. Conyers,* for plaintiff.
*Milner & Anderson* and *J. W. & P. F. Akin,* contra.

LEWIS, J.    John A. Stover brought suit against Mrs. Matilda Howren, returnable to the December term, 1900, of the city court of Cartersville, and at the same time instituted garnishment proceedings against N. M. Adams, requiring him to answer what property, money, or effects of Mrs. Howren he had in his possession.    No issuable defense was filed by the defendant within the time required by law, and at the March term, 1901, judgment was rendered against Mrs. Howren for the full amount sued for.    The .

garnishee having failed to make any answer up to that time, coun-
sel for the plaintiff asked that judgment be likewise entered against
him.    This, however, the court refused to do, "stating that inas-
much as the court had not called the appearance docket at the De-
cember term, 1900, he did not know that he had the legal right to
enter said case in default at that time." To this ruling the plain-
tiff filed exceptions pendente lite, upon various grounds set forth
in the record.    Later at the same term of the court the garnishee
was allowed, over the objection of the plaintiff's counsel, to file an
answer stating that he had no property, money, or effects of the de-
fendant, Mrs. Howren, in his possession, and owed her nothing.   To
the action of the court in allowing this answer to be filed the plain-
tiff also excepted pendente lite.   At the June term, 1901, the plain-
tiff filed a petition, setting up all these facts, and praying that the
answer filed by the garnishee be stricken and judgment rendered
against him in favor of the plaintiff for $339.25, the principal of
the judgment obtained against Mrs. Howren, together with inter-
est and costs.   To this petition, or motion to strike, N. M. Adams
demurred on the grounds, (1) that the motion is not authorized by
law ; (2) that the motion shows on its face that the identical ques-
tions made therein were passed upon by the court on the objections
of the movant to the filing of the respondent's answer to the sum-
mons of garnishment at the March term, 1901, of the court, and
the exceptions pendente lite filed by the movant to the ruling al-
lowing the answer; (3) that the grounds set out in the motion are
legally insufficient to authorize the court to strike the respondent's
answer to the summons of garnishment and to enter up judgment
against him as prayed; (4) that the motion on its face shows that
the respondent's answer to the summons of garnishment was filed
in the time allowed by law, and that no traverse has been filed to
the answer ; and (5) that the alleged errors of the court can not be
attacked in the way the movant seeks to attack them in his motion.
The court sustained this demurrer and dismissed the motion to
strike the garnishee's answer, to which ruling the plaintiff excepts
and brings the case here for review.

1. In specifying the parts of the record material to a clear un-
derstanding of the errors complained of, counsel for plaintiff in
error states that "it is unnecessary to send up the bill of exceptions
pendente lite, as all of the errors alleged therein are fully set out

in the petition and motion to strike the answer of the garnishee." The assignments of error in the main bill of exceptions relate entirely to the action of the court in sustaining the demurrer to the petition or motion to strike the garnishee's answer, and nowhere is error assigned upon the exceptions pendente lite, either in the main bill or at any time before the argument of the case in this court. It follows, therefore, that, under the ruling of this court in the case of *Nicholls* v. *Popwell*, 80 *Ga.* 605 (9), the exceptions pendente lite in the present case can not be considered by this court, and that our decision must be confined to the question of the correctness of the ruling of the trial court in sustaining the demurrer to the plaintiff's motion to strike the garnishee's answer.

2. There was no error in sustaining this demurrer. It is not necessary to decide whether or not the court below erred in allowing the garnishee to file his answer at the time that he did, for that question is not properly before us. The plaintiff objected to this answer being received at the time that it was offered, and the entire matter was, or should have been, thoroughly argued and fully decided at that time. The plaintiff had the opportunity to bring the question here by direct bill of exceptions when the ruling was made and have its correctness reviewed by this court, but he did not do so. To hold that he can come in a subsequent term of court and again take up a question which has already been directly decided would be to encourage indirectness and circuitousness in pleading and practice, and would be a legal absurdity. By his failure to take due advantage of his right to except to the ruling of the court in allowing the garnishee to file his answer the matter has become res adjudicata, and he will not now be heard to reopen the question.

*Judgment affirmed. All the Justices concurring.*