## SHAW *v.* JONES, NEWTON & COMPANY.

1. Exceptions pendente lite can not be considered unless error is assigned thereon, either in the main bill of exceptions or in the Supreme Court by counsel for plaintiff in error, before the argument begins.

2. "The opinion of a witness is not admissible in evidence when all the facts and circumstances are capable of being clearly detailed and described so that jurors may be able readily to form correct conclusions therefrom."

3. Where a witness testifies to a fact, the presumption is, in the absence of anything to the contrary, that he is testifying from his own knowledge.

4. The declarations of an alleged partner are not admissible to prove that he is the partner of another who denies the existence of the partnership.

5. An error in admitting evidence may be cured by the adverse party subsequently introducing evidence which removes the objection which originally rendered the evidence admitted against him incompetent.

6. One of the contentions of the plaintiffs being that the defendant was a partner of one operating a business in competition with that sold by defendant to plaintiffs, it was competent to show, as a circumstance tending to prove such partnership, that the defendant told the plaintiffs that he would guarantee that they would have no trouble with such person.

7. As it is the province of the court to construe a written contract and to charge the jury as to the legal effect thereof, an instruction in which this is done does not contravene the rule against the expression or intimation by the judge of his opinion as to what has or has not been proved.

8. Upon the breach of a contract of sale of the good will of a business, the measure of damages is the loss suffered by the purchaser by reason of the wrongful acts of the seller constituting the breach, and in estimating such damages all the facts and circumstances tending to show the extent thereof may be considered by the jury; but if the plaintiff fails to furnish sufficient data to enable the jury, with a reasonable degree of certainty and exactness, to estimate the actual damages sustained by the purchaser, then his recovery will be restricted to nominal damages.

9. A ground of a motion for a new trial should be complete in itself, or rendered so by an exhibit to the motion. Accordingly, it has been re-

peatedly ruled that a ground based on the admission or rejection of evidence presents nothing for adjudication, when such evidence is not set forth therein either literally or in substance, nor attached as an exhibit to the motion.

Submitted May 6,—Decided November 17, 1909.

Action for breach of contract. Before Judge Spence. Grady superior court. November 25, 1908.

*S. A. Roddenbery* and *Roscoe Luke,* for plaintiff in error.

*W. G. Warnell* and *Ledford & Terrell,* contra.

FISH, C. J.   Jones, Newton & Co. sued M. A. Shaw for breaches of a contract of sale by defendant to plaintiffs of certain turpentine property, including leases, specified personalty connected therewith, and the good will of the business, and for the failure of the defendant to comply with his agreement to put in good condition a designated telephone line used in connection with the business. The defendant demurred generally to the petition. The demurrer was overruled, and exceptions pendente lite were filed by the defendant. There was a verdict in favor of the plaintiffs, and to the overruling of a motion for a new trial the defendant excepted, but failed to assign error upon the exceptions pendente lite either in the main bill of exceptions or in this court.

1.   The well-established rule of practice as to the assignment of error upon exceptions pendente lite, stated in the first headnote, needs no elaboration. *Nicholls* v. *Popwell,* 80 *Ga.* 605 (9), (6 S. E. 21) ; *Stover* v. *Adams,* 114 *Ga.* 171 (39 S. E. 864).

2.   A witness was permitted to testify in behalf of the plaintiffs that a turpentine still operated at a designated place would be in competition with the still sold by defendant to plaintiffs. Defendant objected to the admission of this testimony, on the ground, in substance, that the opinion of the witness was not admissible, because, if the facts and circumstances were given by him, the jury could readily draw their own conclusion therefrom on the question of competition. Under the familiar rule stated in the second headnote, the objection should have been sustained. *Brunswick etc. R. Co.* v. *Hoodenpyle,* 129 *Ga.* 174 (58 S. E. 705), and cases cited; *Churchill* v. *Jackson,* 132 *Ga.* 666 (64 S. E. 694) ; *Pride* v. *State,* ante, 438 (66 S. E. 259), and cases cited.

3.   One of the plaintiffs was permitted to testify that "defendant's man, Futrell," moved the hands from the place sold by de-

fendant to plaintiffs. Defendant objected to the testimony, on the ground that the witness should testify from his own knowledge as to Futrell being the defendant's man. As nothing appears to indicate that the witness was not testifying from his own knowledge, the objection was not good.

4. The court permitted Jones, one of the plaintiffs, to testify as follows: "We wanted Mr. Powell to sign the papers; he said, no, that Mr. Shaw always signed the papers, but gave me his word that he would not bother any timber in that territory." This was objected to by the defendant on the ground that the sayings of Powell were not competent to bind the defendant. One of the contentions of the plaintiffs was, that Shaw, the defendant, after selling his turpentine business to them, operated a turpentine business with Powell as his partner, in competition with the business of the plaintiffs, in violation of his agreement not to do so. Defendant denied the alleged partnership between himself and Powell. The testimony objected to was a declaration of Powell which the plaintiffs evidently offered as tending to prove the existence of the partnership. As the partnership was denied by the defendant, the declarations of Powell were not competent to show its existence. It is true that one partner acts, within the scope of the partnership business, as the agent of his copartner; but the declarations of an alleged partner are not admissible to prove the existence of a partnership between himself and another who denies such a partnership. In *Ford* v. *Kennedy*, 64 *Ga.* 537, it was held that, "On an issue of partnership or no partnership, the sayings of one who admitted himself to be a partner were not admissible to prove that another, who denied being a partner, was in fact such."

5. The court permitted the plaintiffs to introduce the record of a mortgage, contained in the proper record book of Grady county, which showed a mortgage executed on December 11, 1906, by the firm of W. A. Powell & Co., the mortgage reciting that such firm operated at Whigham, Grady county, Ga., and was composed of M. A. Shaw and W. A. Powell. The plaintiffs offered this evidence for the purpose of showing that the defendant, Shaw, was a member of W. A. Powell & Co., and that such firm was operating at Whigham, Ga., when the mortgage was executed. This evidence was objected to by the defendant, the sole ground of objection being that it had no probative value for the purpose for which it was

offered.   As the plaintiffs introduced no evidence connecting the defendant, Shaw, with the execution of the mortgage, the objection should have been sustained.   The error in admitting this evidence was, however, cured by the defendant subsequently, when on the stand in his own behalf, testifying that he executed the mortgage, although he did also testify that no partnership existed between Powell and himself when the mortgage was executed, but that he executed the mortgage to aid Powell, to whom he had advanced money, to carry on his individual business.   From this testimony of the defendant, taken in connection with the proof of the mortgage and the recitals therein, the jury could have found that the alleged partnership existed, though the defendant denied it.

6.   One ground of the motion assigns error because the court permitted a member of the plaintiff firm to testify that the defendant said, "I will guarantee that you will have no trouble with Mr. Powell."   As the plaintiffs contended that the defendant, Shaw, was a member of a firm composed of himself and W. A. Powell, known as W. A. Powell & Co., and, through the business conducted by such firm, had violated the agreement not to engage in the turpentine business within a radius of territory that could put him in competition with the business which he had sold to the plaintiffs, it was competent for the plaintiffs to prove, as tending somewhat to support their contention as to the existence of the partnership, that he had made the statement which was testified to by the witness.

7.   The court in the charge to the jury, in several instances, used language indicating that the defendant had conveyed his good will to the plaintiffs.   This language was excepted to as an expression of opinion by the court on a fact in issue in the case.   There was no merit in these exceptions (*Holman* v. *Georgia Railroad*, 67 *Ga.* 595), as the construction of the contract was a matter for the court, and the defendant therein expressly agreed not to "open up or operate a turpentine business in a radius of territory that could place him in the attitude of a competitor to the above-mentioned places, this day sold by him to the party of the second part."   This, of course, was in effect a sale of his good will.

8.   As to the measure of damages for the alleged breach of the contract of sale of the good will of the business conveyed by defendant to plaintiffs, the court instructed the jury as follows: "If

you should believe, by a preponderance of the testimony, first, that this agreement was made, that the good will, conveyed to the plaintiffs in the contract, was valued at ten thousand dollars, or any other different amount, and that he [the defendant] has violated that clause in his contract by withholding his good will, then the plaintiffs would be entitled to recover whatever the evidence shows they paid for the good will, with interest at seven per cent." Defendant excepted to this instruction, on the ground that it did not state the correct measure of damages applicable to the case. It does not appear from the contract of sale that any specified sum was paid for the good will of the business, the consideration of the sale of all of the property, including the good will, being one lump sum. But there was evidence to which the jury might have inferred this instruction was applicable, as one of the plaintiffs testified that the defendant said, during the negotiations for the sale, that his good will was worth a given sum. But even if a designated amount had been stated in the written contract as the consideration for the good will of the business, the rule given by the court to the jury as to the measure of damages for a breach of the contract in respect to the good will was erroneous. The question was not what the plaintiffs had paid for the good will. They might have paid more, or they might have paid less, than the good will was really worth, and so might, by acts of the defendant in violation of the contract, have been damaged more, or been damaged less, than the sum paid for the good will. Besides, the acts of the defendant in violation of his agreement, if there were any, might have been of such small consequence or of such short duration as not to amount to a total destruction of the good will which he had sold to the plaintiffs. Upon the breach of a contract of sale of the good will of a business, the measure of damages is the loss suffered by the purchaser by reason of the wrongful acts of the seller constituting the breach, and in estimating such damages all the facts and circumstances tending to show the extent thereof may be considered by the jury; but if the plaintiff fails to furnish sufficient data to enable the jury, with a reasonable degree of certainty and exactness, to estimate the actual damages sustained by the purchaser, then his recovery will be restricted to nominal damages. 20 Cyc. 1282.

9. In a number of the grounds of the motion for a new trial complaint is made of the admission of evidence over the objection

of the defendant, and in one ground the rejection of evidence offered by the defendant is complained of. In none of such grounds is the evidence set forth, either literally or in substance, nor is the evidence in question attached to the motion as an exhibit to be considered in connection with the assignment of error as to its admission or exclusion. So, under repeated rulings of this court, none of these grounds presents any question for adjudication. The other grounds of the motion need not be specifically dealt with, as they relate to matters that will not likely arise on another trial.

*Judgment reversed. All the Justices concur.*