## MELDRIM *v.* MELDRIM.

1. Where error is not assigned in the main bill of exceptions, nor in the Supreme Court, upon exceptions pendente lite brought up in the record, the questions raised by them will not be considered. *Shaw* v. *Jones*, 133 *Ga.* 446 (66 S. E. 240); *Jones* v. *Ragan*, 136 *Ga.* 653 (71 S. E. 1098).

2. The court did not err in admitting in evidence a certified copy of the original judgment and decree of absolute divorce granted in the suit between Robert Lee Meldrim and Mrs. Mollie Meldrim, over the objection that the same was irrelevant and immaterial.

3. Nor was it error to admit in evidence, over the same objection, a certified copy of the marriage license of Robert Lee Meldrim and Johnnie E. Joiner, together with a certificate of the minister who officiated at the marriage, stating that Robert Lee Meldrim and Johnnie E. Joiner were duly joined in matrimony by him, the minister, on the 10th day of November, 1906.

4. It was not error for the court to admit testimony tending to show that

the date "24th day of April" was by mistake written for "4th day of April," and the date "24th day of October" when it should have been "4th day of April," over the objection that the same was immaterial.

5. The court did not err in directing the verdict over the objections presented.

JULY 21, 1913.

Interpleader. Before Judge Littlejohn. Sumter superior court. July 17, 1912.

The Locomotive Engineers Mutual Life & Accident Insurance Association, hereafter referred to as the Association, brought its petition against Mrs. Johnnie Meldrim and Mrs. Mollie J. D. Meldrim, praying that the two named defendants be required to interplead, etc. It alleged as follows: The Association issued upon the life of one Robert Lee Meldrim two insurance policies, aggregating the face value of $3,000. In each of said policies Mrs. Mollie Meldrim was named as the beneficiary to whom the insurance was to be paid upon the death of Robert Lee Meldrim. He died on the 5th day of August, 1910, and proof of his death was duly made. Mrs. Mollie Meldrim was the lawful wife of Robert Lee Meldrim at the time of the issuance of the policies, and, so far as the policies themselves indicate, is still the beneficiary named in them. She has brought suit upon the policies against the Association, to recover the amount of the insurance. The Association has been advised, that, subsequently to the issuance of the insurance policies and prior to the death of Robert Lee Meldrim, he claimed to have procured a divorce from Mrs. Mollie Meldrim, and that afterward he intermarried with Johnnie E. Joiner, and at the time of his death was living with her as his wife. She also has brought suit upon the policies, seeking to recover the amount of insurance, alleging that she is temporary administratrix upon the estate of Robert Lee Meldrim, and claiming that as temporary administratrix and as the wife of Robert Lee Meldrim she is entitled to recover said insurance. The Association has been advised that Mrs. Mollie Meldrim, prior to the death of Robert Lee Meldrim, executed a contract in connection with an alimony suit, whereby said policies of insurance became assigned to said Robert Lee Meldrim or to such beneficiary as he might thereafter name, and that a decree was rendered in the alimony suit, by virtue of which, it is contended, Mrs. Mollie Meldrim was divested of all interest in said policies as the beneficiary thereof; but the Association is advised that on that particular point said decree is ambiguous, and that the claims

26

of the two defendants are such as to render it doubtful or danger-ous to the Association to pay the insurance to either until their claims can be determined under proper pleadings. The Association has no interest in the controversy, further than to protect itself as a mere stakeholder desiring to ascertain to whom the amount of the insurance should be paid.

An order was passed, requiring the named defendants to inter-plead, and they were enjoined from further prosecuting their indi-vidual suits against the Association. Mrs. Mollie Meldrim pleaded, that the "entire estate of Robert Lee Meldrim consists solely of the insurance funds now in the hands of the court, as beneficiary, if they do not belong to Mollie J. D. Meldrim;" that the estate of Robert Meldrim is indebted to Mrs. Mollie Meldrim, as alimony under the decree of the court, in the sum of $30 per month from August 1, 1910, down to this time, and she will continue to be entitled to receive from said estate the sum of $30 per month so long as she lives and remains single; that Mrs. Johnnie Meldrim is not entitled to receive said insurance individually or as heir at law of Robert Lee Meldrim; that the policies are due and payable to Mrs. Mollie Meldrim as the beneficiary named in them; that Robert Meldrim "understood, and in his lifetime acted on his understanding, that the rights of Mrs. Mollie Meldrim to said policies did not expire until December 24, 1910, and so stated to witnesses;" and "that the contract and decree for alimony have not been complied with by Robert Lee Meldrim, and hence said representative of said Robert Lee Meldrim has no right to the proceeds of said insurance." The last two allegations just quoted were stricken on demurrer, and exception to this ruling was taken pendente lite. There was no assignment of error upon this, in the main bill of exceptions or upon the hearing in the Supreme Court; and the same is true of another exception pendente lite found in the record.

Mrs. Johnnie Meldrim pleaded as follows: She was the lawful wife of Robert Meldrim at the time of his death, and Mrs. Mollie Meldrim ceased to be the beneficiary in the policies on the 4th day of June, 1910. Robert Lee Meldrim, before his last marriage, pro-cured a divorce from Mrs. Mollie Meldrim; and at the time of his death Mrs. Johnnie Meldrim was living with him as his wife. On April 4, 1906, Mrs. Mollie Meldrim and Robert Meldrim executed a contract in view of a certain alimony suit then pending, whereby

said policies of insurance, prior to the death of Robert Meldrim, "became assigned to him or such beneficiary as he might name." By reason of this contract an order of court was passed under date of April 14, 1906, embodying in part the terms of said contract; and on December 17, 1906, a verdict and judgment purporting to be upon consent were rendered in Sumter superior court, said verdict and said judgment having been prepared by the attorneys of record of Mrs. Mollie Meldrim; but through inadvertence the word "October" was erroneously and mistakenly written by the draftsman of said verdict instead of the word "April," in fixing the time when, by the terms of the contract of April 4, 1906, and the decree of April 14, 1906, the assignment of all interest of Mrs. Mollie Meldrim in the insurance policies to Robert Lee Meldrim should become effective. Said contract was executed April 4, 1906, and by the terms thereof all the right or interest of Mrs. Mollie Meldrim terminated at the expiration of fifty months from that date. Copies of the contract and of the verdict and decree are attached to the pleadings.

Upon the trial the jury by their verdict found the facts to be as follows: "That R. L. Meldrim and Mrs. Mollie J. D. Meldrim married on the 9th day of January, 1889, and that a legal and valid divorce was granted between the parties, Robt. Lee Meldrim and Mollie J. D. Meldrim, releasing one from the other, and from all marital obligations one toward the other, and absolutely dissolving the marital tie between them, on April 26, 1906; that Robt. Lee Meldrim and Johnnie E. Meldrim, née Joiner, were lawfully married on the 10th day of Nov., 1906, and that Johnnie E. Meldrim remained the lawful wife of Robt. Lee Meldrim until his death on Aug. 5, 1910; that Johnnie E. Meldrim is now the widow of Robt. Lee Meldrim, deceased; that Johnnie E. Meldrim is the duly appointed and qualified temporary administratrix of Robt. Lee Meldrim, deceased, said Robt. Lee Meldrim having departed this life on Aug. 5, 1910; that Johnnie E. Meldrim, as temporary administratrix of the estate of Robt. Lee Meldrim, deceased, is entitled to receive the entire fund, the proceeds of two insurance policies issued by the Locomotive Engineers Mutual Life & Accident Insurance Association on the life of. Robt. Lee Meldrim, amounting to the sum of $3,000, with lawful interest thereon, and that, as the lawful wife of Robt. Lee Meldrim and only heir at

law of said deceased, she is entitled to receive said fund subject, however, to any claim of any creditor of the estate of Robt. Lee Meldrim, deceased, which may be of legal priority to her claim as wife and heir at law."

Mrs. Mollie Meldrim filed a motion for a new trial, which was overruled, and she excepted.

*L. J. Blalock,* for plaintiff in error.

*Oliver & Oliver, J. E. Sheppard,* and *J. A. Hixon,* contra.

BECK, J. (After stating the foregoing facts.)

1-4. The rulings made in headnotes 1, 2, 3, and 4 require no elaboration.

5. The 4th ground of the amendment to the motion for a new trial complains of the allowance and direction of the verdict over the following objections: "That the verdict is far outside of any issue authorized by this record, or the pleadings; that there is no appearance here by Mrs. Johnnie E. Meldrim individually, and that it is therefore beyond the scope of the pleadings and the interpleader to cover anything by the verdict and the decree that tends to fix the right between Mrs. Johnnie E. Meldrim individually and this former wife; and that the issue is as to whether Mrs. Mollie J. D. Meldrim is entitled to it as beneficiary, or Mrs. Johnnie E. Meldrim as temporary administratrix." In approving the grounds of the motion the court appended this note: "Counsel for Mrs. Mollie J. D. Meldrim stated they were willing that a verdict be directed awarding the insurance money to Mrs. Johnnie E. Meldrim as administratrix, but objected to the verdict going further than as above suggested." Construing the 4th ground of the motion in the light of this note, it will be seen that the objections to the direction of a verdict are narrowed to the special objection that there was no appearance by Mrs. Johnnie E. Meldrim, the defendant in error, individually, and that it was therefore beyond the scope of the pleadings "and the interpleader" to cover anything by the verdict and the decree that tends to fix the rights between Mrs. Johnnie E. Meldrim individually and the plaintiff in error. With this contention of the plaintiff in error we can not agree. In the petition for interpleader it is alleged that she was temporary administratrix upon the estate of Robert Lee Meldrim, and claiming that as such temporary administratrix, "and as the wife of Robert Lee Meldrim, she is entitled to recover said insur-

ance against petitioner." And in the 4th paragraph of the prayers to the petition it is prayed that Mrs. Johnnie Meldrim (not Mrs. Johnnie Meldrim as administratrix) be made a party to this bill for interpleader. And the answer of Mrs. Mollie Meldrim, the plaintiff in error, is thus headed:

"Locomotive Engineers Mutual Life and Accident Ins. Association vs. Mrs. Mollie J. D. Meldrim and Mrs. Johnnie Meldrim. } Bill for inter-pleader, etc. In Sumter Superior Court."

And in the answer of Mrs. Mollie Meldrim she thus raises the distinct issue as to whether Mrs. Johnnie Meldrim is entitled to receive the fund individually: "Whereupon she [Mrs. Mollie Meldrim] says that said Johnnie E. Meldrim is not entitled to receive said fund individually, or as heir at law of Robert Lee Meldrim, if she is such heir." And evidence was introduced which showed that Mrs. Johnnie Meldrim was the heir of Robert Lee Meldrim, and his sole heir at law. Other evidence was introduced tending to show that Mrs. Mollie Meldrim had no interest whatever in the estate of Robert Lee Meldrim. In view of these allegations in the pleadings and the scope of the evidence, we do not think that the special objections raised to the direction of a verdict are meri-torious.          *Judgment affirmed. All the Justices concur.*