COTTON STATES ELECTRIC COMPANY *et al.* v. CLAYTON *et al.*

FISH, C. J.  1.  "Exceptions pendente lite can not be considered unless error is assigned thereon, either in the main bill of exceptions or in the Supreme Court by counsel for plaintiff in error, before the argument begins." *Shaw* v. *Jones,* 133 *Ga.* 446 (66 S. E. 240); *Nicholls* v. *Popwell,* 80 *Ga.* 604 (9), 613 (6 S. E. 21); *Stover* v. *Adams,* 114 *Ga.* 171 (39 S. E. 864). "Exceptions pendente lite, though duly allowed and ordered filed as a part of the record, upon which no error was originally assigned in the main bill of exceptions, and upon which counsel made no assignment of error before the argument of the case, will not be. considered by this court." *Smiley* v. *Smiley,* 144 *Ga.* 546 (87 S. E. 668); *Shaw* v. *Jones,* supra: *Runnals* v. *Aycock,* 78 *Ga.* 553 (3 S. E. 657); *Jones* v. *Ragan,* 136 *Ga.* 653 (7), 655 (71 S. E. 1098); *Meldrim* v. *Meldrim,* 140 *Ga.* 400 (78 S. E. 1089). The only reference in the main bill of exceptions in this case to exceptions pendenté lite is as follows: "When said case was called for trial, counsel for Cotton States Electric Company, J. J. Peters, and W. F. McLendon filed motions to dismiss the action, said motions being in writing, and a part of the record in said case. After hearing argument the court overruled the motions in said case to dismiss, and denied the same, to which ruling counsel for movants, the defendants hereinbefore named as having made said motions, then and there excepted, and in due course filed exceptions pendente lite, within the term, and in the manner provided by law." *Held,* that as no error was originally assigned in the main bill of exceptions upon the exceptions pendente lite, and as no assignment of error was made by counsel upon the exceptions pendente lite before argument of the case, this court can not, under the well-established rule of practice stated above, consider the. exceptions pendente lite.

2. On the trial the case went to the court and jury upon an agreed statement of facts in writing, and "After the said record in the case and the agreed statement of facts had been submitted to 'the jury, counsel for plaintiff moved the court to direct a verdict in said case, finding the funds therein subject to the alleged lien of the plaintiff, and directing that same be applied to the payment of certain claims of the said George A. Clayton, Fred Dischuneit, Baltimore Electric & Supply Company, Maryland Casualty Company, Western Electric & Supply Company, Hahl Automatic Clock Company, and Gas Fixtures & Electric Company; to which order of the court in directing the verdict as aforesaid, counsel for these defendants, Cotton States Electric Company, J. J. Peters, and W. W. McLendon, then and there excepted, and now excepts, and assigns same as error." *Held*, that such general assignment of error means that the court erred in adjudging that the evidence demanded the verdict; and thus interpreted, the only question presented for decision by such bill of exceptions is whether or not the agreed statement of facts, taken most strongly against the plaintiff, required a finding establishing the material allegations of the petition. So construed, the agreed statement of facts was sufficient for such purpose; and there was no error in directing the verdict complained of. *Phillips* v. *Southern Ry. Co.*, 112 *Ga.* 197 (37 S. E. 418).

*Judgment affirmed. All the Justices concur.*

AUGUST 18, 1917.

Equitable petition. Before Judge Bell. Fulton superior court. June 26, 1916.

*Daley, Chambers & Daley,* for plaintiffs in error.

*Green, Tilson & McKinney, R. J. Ward, W. S. Dillon, Leonard Haas,* and *T. B. Higdon,* contra.