### 11938. ALLEN v. ARMSTRONG.

LUKE, J. 1. Exceptions pendente lite cannot be considered unless error is assigned thereon, either in the main bill of exceptions or in this court by counsel for plaintiff in error, before the argument begins. See *Shaw* v. *Jones*, 133 *Ga.* 446 (1) (66 S. E. 240), and cases cited. In the instant case the bill of exceptions recites that to the order of the judge refusing to open the default which had been entered, the plaintiff in error " then and there filed his bill of exceptions pendente lite to the order and judgment of said judge, refusing to open said default." Nowhere in the bill of exceptions is error assigned upon the exceptions pendente lite; nor was error assigned thereon in this court by counsel for the plaintiff in error before argument. Decisions of the Supreme Court which bind this court control this question. Therefore, the point which it is sought to raise by these exceptions cannot be considered.

2. Although the evidence for the plaintiff might have authorized a verdict for a greater amount than that found, or for a lesser amount, this fact will not necessitate a reversal, at the instance of the defendant, under the facts of this case. For no reason assigned did the court err in overruling the motion for a new trial, which was based only on the general grounds.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 9, 1921.

Motion to open default; from Warren superior court — Judge Walker. October 18, 1920.

*L. D. McGregor,* for plaintiff in error. *M. L. Felts,* contra.