COLLIER et al. v. PEACHTREE OAKS COMPANY.

No. 7687. December 11, 1930.

*T. L. Slappey,* for plaintiffs. *J. K. Jordan,* for defendant.

Beck, P. J. The plaintiffs sued to recover a balance alleged to be due upon the last of a series of notes for the purchase-price of thirty acres of land which was bought for the purpose of being divided into residence lots. The defendant filed its answer and cross-petition, and prayed for a judgment on account of overpayments made to the plaintiffs in an amount stated; and also that plaintiffs be required "specifically to perform their obligation" set forth and contained in their contract with defendant, a copy of which is attached to the answer and cross-petition; and that thereupon it be decreed that they release to defendant, by deed of conveyance, certain unreleased lots, and that title to such lots be decreed to be in defendant. Upon the trial of the case the jury rendered a verdict for the defendants, and the court entered a decree for the specific performance prayed, etc. The plaintiffs made a motion for a new trial, which was overruled, and they excepted.

■ The original motion for a new trial in the case consists of the usual general grounds, but these are not urged in the brief of counsel for plaintiff in error, and are therefore treated as abandoned.

■ In grounds 1, 2, 3, and 5 of the motion error is assigned upon rulings of the court admitting certain testimony offered by the defendant, over the objection of plaintiffs, but in none of them is it stated what grounds of objection were urged to the admission of the testimony. Consequently no question is properly presented for decision by this court.

■ In the other ground of the motion error is assigned upon the ruling of the court refusing to allow "an amendment to the plaintiffs' original petition, setting out in detail the charges and credits,

dates of payments, etc., on notes 3, 4, and 5." Refusal to allow an amendment to the pleadings of either the plaintiff or the defendant can not properly be made a ground of a motion for a new trial; it should be excepted to directly, either by a pendente-lite bill of exceptions, or in a main bill of exceptions if that be filed in time. *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (77 S. E. 623); *Tice Co.* v. *Evans,* 32 *Ga. App.* 385 (123 S. E. 742).

> *Judgment affirmed. All the Justices concur.*