25495. MARTIN *v.* STATE HIGHWAY BOARD.

DECIDED NOVEMBER 17, 1936. REHEARING DENIED DECEMBER 12, 1936.

*Hubert F. Rawls, Colon J. Cogdell,* for plaintiff.
*Arlie D. Tucker, S. M. Mathews,* for defendant.

MACINTYRE, J. The plaintiff filed her claim for compensation against the State Highway Board, because of the death of her son, W. Lang Martin, who was killed on a State highway. The case was heard by acting-director Sharpe Jones, at Nahunta on June 18, 1935, and subsequently Hon. Hal M. Stanley, Chairman of the Department of Industrial Relations, rendered a decision denying liability. The claimant appealed to a full board, which affirmed the denial of compensation. In due course the claimant appealed to the superior court, which affirmed the decision of the full board, and the plaintiff excepted. The only question to be determined is whether or not the decedent's death, under the uncontradicted facts, "arose out of and in the course of his employment." Wages, employment, and total dependency were admitted by the State Highway Department. The evidence, taken in its most favorable light to the employer, authorized the commissioner to find that the deceased was engaged as a painter by the highway department under the supervision of Blount; that on the day before the accident they were painting center lines on the highway running from

Savannah to Tybee, and on the next day they worked down toward Brunswick; that when near Brunswick they attended an oyster-roast given to the employees of the highway department in that particular section from about 3:30 p. m. until a short time before the accident; that the transportation to and from work was furnished by the highway department in the form of a truck in which the materials used in the work were carried; that at the oyster-roast there were two employees who desired to get away earlier, and were permitted to drive the truck of the highway department, generally used by Blount and Lang, on to Waycross, some time before the other employees left the place of entertainment; that Martin made arrangements with Jack Brown, another employee, to return to Waycross in a private automobile owned by Brown, who was to remain at the point of entertainment after the truck Martin had been riding in had left; that Blount was to return with the assistant supervisor of the district; that Martin informed his immediate superior, E. B. Giles, that he would travel back to Waycross, the division headquarters, in Brown's car rather than in the highway truck; and that Martin was killed while riding in Brown's car on this trip to Waycross. We quote from the evidence as follows: "Before the truck left, Martin came to me and says, 'Cap., if it's all right, I will go back with Jack [Brown] and let another boy carry the truck in,' and I said, 'All right.' I did not object to it. Q. Now, Mr. Brown, I believe, worked under you too? A. No, sir; he worked under my foreman here. Q. They had followed that practice before, Mr. Giles, hadn't they, of allowing the truck to go back into Waycross ahead of time and later make some arrangements to go in their own private cars; they had done that before with your knowledge? A. Yes, sir. Q. They had done that before, and you knew about and you had approved it? A. Yes, sir. I knew about it. . . Q. Who was the first that suggested that Martin get out of your car and get in Brown's car? A. He did himself; he said if he could catch a way in, that would be as far as he would go. . . Q. He [Martin] was going back to Waycross? A. Martin told me he was going back with Jack Brown, and that was all that was said about that. . . Q. Now, Mr. Blount, as a matter of fact wasn't that the real purpose of Martin's getting in the car operated by Brown; wasn't that because of the fact that the truck had al-

ready gone, and you spoke to Brown about taking Martin back to Waycross? A. No, sir. He came and told me that he had made arrangements to go with Brown to Waycross."

The rule that an employee is injured in the course of his employment, within the workmen's compensation act, when at the time of the accident he is being transported to or from his work by his employer as a part of the contract of employment, is not applicable where the means of transportation or the way was provided by the employer, and where the employee did not choose to avail himself of the means of such transportation, and sustained harm by being or attempting to be transported on his way home to Waycross, a city where division headquarters happened to be located, by a conveyance furnished by another employee and selected by the employee himself. In such a case the injury is not compensable. March v. State Industrial Accident Com., 142 Oregon, 246 (20 Pac. 2d, 227); Eby v. Industrial Accident Com., 75 Cal. App. 280 (242 Pac. 901); New York Indemnity Co. v. Industrial Accident Com., 87 Cal. App. 105 (261 Pac. 1106); *Ocean Accident & Guaranty Corporation* v. *Farr,* 180 *Ga.* 266 (178 S. E. 728). This case is distinguishable from that line of cases where the employee is injured while driving his own car, or while going in a conveyance selected by him from a place where the claimant was required to report to work, or from which transportation by the employer is to begin, and thence going to the actual place of work. Department of Public Works v. Industrial Accident Com., 128 Cal. App. 128 (16 Pac. 2d, 777); *Cooper* v. *Lumbermen's Mutual Casualty Co.,* 179 *Ga.* 256, 261 (175 S. E. 577); Denver &c. R. Co. v. Industrial Com., 72 Utah, 199 (269 Pac. 512, 62 A. L. R. 1436). The testimony did not show a practice of riding in cars other than highway department cars, which arose to the dignity of a custom, so as to enter into and form a part of a contract; no practice was shown which possessed those elements of certainty, generality, fixedness, and uniformity, as are recognized by law as essential to constitute a custom. A loose, variable custom or discretionary practice does not rise to the dignity of a custom, so as to control the interest of the parties to a contract, if the usage leaves some material element to the right of exercising an option or discretion of one of the parties. Aulich v. Craigmyle, 248 Ky. 676 (59 S. W. (2d) 560); Billiter v. Hickman, 247 Ky. 211 (56 S. W. 1003).

The commissioner's findings are conclusive as to facts, where supported by any evidence. *Collier* v. *Peachtree Oaks Co.,* 171 *Ga.* 564 (156 S. E. 249); *Ocean Accident & Guarantee Corporation* v. *Farr,* supra. Under the circumstances shown by the evidence in this case, the department was authorized to find "that the accident to Martin did not arise out of and in the course of his employment." *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682 (118 S. E. 786).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*