McINTIRE *v.* McQUADE, executor.

No. 13308.    JUNE 11, 1940.

440

*Joe A. Long,* for plaintiff.

*Gazan, Walsh & Bernstein,* for defendant.

DUCKWORTH, Justice. ■ We have presented here questions about which much confusion and uncertainty has arisen. In a matter so vital to review of cases there should be no uncertainty as to the proper procedure for that purpose. The Code, § 6-1607, defines specifically what the appellate courts shall decide. It declares that "the Supreme Court or the Court of Appeals shall not decide any question unless it is made by *a specific assignment of error in the bill of exceptions,* and shall decide *any question* made by *such assignment."* (Italics ours.) This language ought never to be misunderstood, nor should its meaning be rendered uncertain by decisions of the appellate courts or by misconstruing other sections of the Code. Section 6-1307 is intended to protect against technicalities by providing that neither the Supreme Court nor the Court of Appeals shall dismiss any case because of technical nonconformity to the statutes and rules regulating the practice in carrying cases to such courts, where there is enough in the bill of exceptions or transcript of the record, or both, to enable the court to ascertain substantially the questions which the parties *seek to have decided therein.* We do not understand the provisions of this section of the Code to mean that the appellate courts are thereby required to delve into the entire record and search out every ruling made by the trial court, though no mention is made of same in the bill of exceptions, and determine whether or not such ruling was erroneous. In fact the closing words of the section refute any such idea, for it is there stated that the courts shall decide in a manner outlined the real questions in the case which the parties seek to have decided. How are the appellate courts to determine from the record what questions the parties seek to have decided, unless the parties themselves identify such questions, and unless the manner of identification is as set out in section 6-1607, supra? The provision that a case shall not be dismissed on technicalities must be construed in connection with the other provisions of the statute, and these require as a bar to dismissal that the parties must identify the questions which they seek to have decided, and this desire must be found in the record. It is not sufficient for the record to merely recite that certain rulings were made and that plaintiff in error excepted to such rulings, because the appellate courts can not con-

sider exceptions made in the trial court unless assignments of error are made in the appellate courts to such rulings. A departure from this procedure might frequently result in the Supreme Court or the Court of Appeals ruling on a question which the parties had abandoned and on which no decision was desired or sought. Although error is specifically assigned in the bill of exceptions, it may be abandoned, and if it is not referred to in the brief and argument of counsel it will be so treated by this court. Code, § 6-1308; *Mayson* v. *State,* 124 *Ga.* 789 (2) (53 S. E. 321) ; *Collier* v. *Peachtree Oaks Co.,* 171 *Ga.* 564 (156 S. E. 249). We think the statute presupposes an assignment of error, and with that done seeks to avoid dismissal because of technicalities. If the plaintiff is relieved of the duty of assigning error, it would be difficult for him to argue all the questions considered and decided by this court, and it would be practically impossible for the defendant to make such argument. To adopt such a procedure would substitute chaos for order, and would reward carelessness and indifference on the part of the plaintiff, and seriously jeopardize the rights of the defendant. Courts of justice have no such mission, and there is no justification for any such rule. It is true that this court in *Walker County Fertilizer Co.* v. *Napier,* 184 *Ga.* 861 (193 S. E. 770), quoting from *Patterson* v. *Beck,* 133 *Ga.* 701 (66 S. E. 911), said that Code § 6-1307, supra, was enacted to liberalize the provisions of §§ 6-901 and 6-1607, or at least the construction which had sometimes been given to them. But neither of these decisions ruled that the plaintiff in error is relieved of the responsibility of making a substantial assignment of error; and it was said: "Rules of this character are made for a substantial purpose, not as mere technical pitfalls to catch the unwary." It was also said that the rule requiring that error be properly assigned "is a rule of substance, not of words— a requirement based on sound reason, not a mere filigree of technical formula." In the absence of some form of assignment of error in the Supreme Court or the Court of Appeals, it is submitted that there must of necessity be an absence of substance. A rule requiring a decision in the absence of any attempt to assign error could not be "based on sound reason," and would have to rest upon "a mere filigree of technical formula" created by a tortured construction of section 6-1307, which was designed for the sole purpose of avoiding technicalities and preserving the substance.

442

A fundamental right of every defendant is notice, and there is no requirement of our statutes relating to exceptions pendente lite (Code, §§ 6-701, 6-905, 6-1305) that any service whatsoever be made upon the opposite party, but the Code, § 6-911, relating to the final bill of exceptions, requires that service thereof be made upon the opposite party within ten days after approval. If both are intended, without more, to constitute sufficient assignments of error on questions involving valuable rights of a defendant, then why should it be required that the defendant should have the benefit of notice within a specified time in the one case and no notice whatever in the other? Section 6-1305 provides that the final bill of exceptions shall show that exceptions pendente lite were properly filed and that the substance thereof shall be recited in the bill of exceptions, or a copy shall appear in the transcript of record, and "an assignment of error in the final bill of exceptions either upon the exceptions pendente lite or upon the rulings therein excepted to." This is a clear manifestation of legislative intent that the defendant in error shall be denied none of his rights when error is assigned on exceptions pendente lite which he is given when the assignment is in the final bill of exceptions. The decisions of this court leave no room for reasonable doubt that in order for plaintiff to have the benefit of exceptions pendente lite there must be an assignment of error either upon such exceptions or upon the ruling therein excepted to. See *Runnals* v. *Aycock,* 78 *Ga.* 553 (2) (3 S. E. 657); *Nicholls* v. *Popwell,* 80 *Ga.* 604 (9) (6 S. E. 21); *Branham* v. *State,* 96 *Ga.* 307 (22 S. E. 957); *Stover* v. *Adams,* 114 *Ga.* 171 (39 S. E. 864); *Sumner* v. *Sumner,* 121 *Ga.* 1 (48 S. E. 727); *Shaw* v. *Jones,* 133 *Ga.* 446 (66 S. E. 240); *Jones* v. *Ragan,* 136 *Ga.* 652 (7) (71 S. E. 1098); *Meldrim* v. *Meldrim,* 140 *Ga.* 400 (78 S. E. 1089); *Smiley* v. *Smiley,* 144 *Ga.* 546 (87 S. E. 668); *Cotton States Electric Co.* v. *Clayton,* 147 *Ga.* 228 (93 S. E. 204); *Brewer* v. *New England Mortgage Security Co.,* 149 *Ga.* 497 (101 S. E. 116); *Alexander* v. *Chipstead,* 152 *Ga.* 851 (111 S. E. 552); *Lanier* v. *Council,* 179 *Ga.* 568 (176 S. E. 614); *Ryals* v. *Atlantic Life Insurance Co.,* 184 *Ga.* 556 (192 S. E. 38); *Parker* v. *Harling,* 187 *Ga.* 419 (200 S. E. 800). Question 1 is answered in the negative.

■ Questions 2 and 3 make the inquiry as to whether or not an assignment of error on exceptions pendente lite, made only in plain-

tiff's brief, is sufficient to authorize or require a ruling by the Court of Appeals thereon. This court has held that where exceptions pendente lite are duly certified and entered of record, when the case is brought up after a final judgment, error may be assigned thereupon on motion in this court, though no mention be made of such exceptions in the main bill of exceptions. *South Carolina Railroad Co.* v. *Nix,* 68 *Ga.* 572; *Hardee* v. *Griner,* 80 *Ga.* 559 (7 S. E. 102); *Hall County* v. *Gilmer,* 123 *Ga.* 173 (51 S. E. 307); *Alexander* v. *Chipstead,* supra. Whether or not this is a sound and proper rule, and the writer seriously doubts that it is, the above decisions and others of this court are controlling on the question until and unless they are reviewed and overruled. But the question we are now facing is whether this rule will allow the brief of counsel for plaintiff to be used for that purpose. The plaintiff relies upon *Schofield* v. *Little,* 2 *Ga. App.* 286 (58 S. E. 666), and *Seaboard Air-Line Railway* v. *Smith,* 3 *Ga. App.* 1 (59 S. E. 199). In both of these cases the Court of Appeals held that error may be assigned on exceptions pendente lite in the brief of counsel for plaintiff. Neither opinion cites any statute or decision in support of the ruling, and we have been unable to find any decision by this court that supports the rulings by the Court of Appeals. In *Kennedy* v. *Walker,* 156 *Ga.* 711 (120 S. E. 105), it was ruled that the exceptions pendente lite to the overruling of a demurrer could not be considered, for the reason that no error was assigned in the main bill of exceptions or in this court on a separate assignment of error before the argument. Chief Justice Russell dissented upon the ground that in the state of the record error might be assigned on the exceptions pendente lite in the brief of counsel; and this dissent was in line with *Schofield* v. *Little,* supra, where as a member of the Court of Appeals he prepared the opinion. The other members of the court manifestly disagreed with his opinion on that question. What is a brief of a plaintiff in error and of what it must consist is not an open question under the law and rules of the Court of Appeals. It is defined by rule 17 of the Court of Appeals as amended (48 *Ga. App.* p. x), which provides that it shall consist of two parts: (1) a succinct and accurate statement of such pleadings, facts, assignments of error, and such other parts of the bill of exceptions or the record as are essential to a consideration of the errors complained of; and (2) the argument

and citation of authorities. While rule 21 requires that such brief be served ten days before the day set for the call of the calendar to which the case is assigned, yet a violation of this rule will not cause a dismissal of the case where there has been a substantial compliance with the law prescribing the method of bringing the case to said court, but the penalty for the violation of such rule shall be as for a contempt of court. Code, § 6-1306; *Goode* v. *Tuggle,* 52 *Ga. App.* 510 (183 S. E. 850); *Piedmont Feed & Grocery Co.* v. *Georgia Feed & Grocery Co.,* 52 *Ga. App.* 847 (184 S. E. 899). Thus, on application of this law, if the plaintiff is permitted to make the assignment of error in his brief, and if he fails to obey the rule requiring service, the case can not be dismissed, but the plaintiff would be given the benefit of the assignment of error and the defendant made to suffer its result without even having been served with a copy of such assignment. The law must protect the rights of a defendant with the same degree of fairness and justice that it exercises in the protection of a plaintiff's rights. While the plaintiff might sometime suffer the loss of the benefit of a review of erroneous rulings made against him if denied the privilege of assigning error in the brief of counsel, yet such injury is attributable, not to the inadequacy of the law, but to the negligence of such plaintiff in failing or refusing to travel the well-defined path marked out by the law for the assignment of error, which insures a review thereof; and if by plaintiff's failure to assign error he is injured, it is better that he suffer as a result of his negligence than that he be allowed to escape injury by imposing upon a defendant who must suffer instead. Briefs of counsel have a definite and important purpose, and this purpose should not be thwarted by converting them into the hybrid consisting of a mixture of a brief as defined by the rules and a bill of exceptions as defined by statute. There is nothing in *Winn* v. *State,* 124 *Ga.* 811 (53 S. E. 318), or *Daniels* v. *Commissioners,* 147 *Ga.* 295 (93 S. E. 887), that supports the argument to the effect that error may be assigned in counsel's brief. In the former it is merely ruled that if a bona fide attempt to assign error is sufficient to disclose the error, it is enough; but in both cases it was held that error must be assigned; and neither ruled that this assignment may be made in the brief of plaintiff. It is accordingly held that an assignment of error on exceptions pendente lite only in the brief of counsel for plaintiff,

whether the assignment be specific or general, will in no case present to the Court of Appeals or the Supreme Court any question for decision. Accordingly, questions 2 and 3 are answered in the negative. *All the Justices concur.*