27922.   McINTIRE *v.* McQUADE, executor.

Decided July 5, 1940.   Rehearing denied July 30, 1940.

*Joe A. Long,* for plaintiff.

*Gazan, Walsh & Bernstein,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.)

There is no assignment of error in the bill of exceptions on the exceptions pendente lite sued out by the plaintiff to the sustaining of the demurrer to the petition and striking therefrom five of the six items sued for, nor is there any assignment of error in the bill of exceptions on the judgment of the court sustaining the demurrer and complained of in the exceptions pendente lite. The Supreme Court in answer to a question certified to it by this court ruled as follows: "Notwithstanding the fact that the bill of exceptions recites that exceptions pendente lite to the ruling on a demurrer were allowed and ordered filed, and specifies the exceptions pendente lite as a material part of the record, and copies of such exceptions pendente lite are sent to the Court of Appeals as a part of the record, in the absence of any assignment of error in the Court of Appeals either upon the exceptions pendente lite or upon the ruling therein complained of, no question is presented for decision by the Court of Appeals." *McIntire* v. *McQuade,* 190 *Ga.* 438 (9 S. E. 2d, 633). The fact that the plaintiff insists upon these exceptions pendente lite and assigns error thereon in the brief filed by him in this court before the call of the case for argument, which brief was served upon counsel for the defendant prior to the call of the case in this court for argument, does not constitute a sufficient assignment of error. The Supreme Court further ruled: "Briefs of plaintiff as defined by Rule 17 of the Court of Appeals shall not in any case be used for the purpose of assigning error, and no as-

signment of error, whether special or general, in such brief shall be considered by the Court of Appeals." *McIntire* v. *McQuade,* supra.

■ All of the items sued for by the plaintiffs were struck from the petition on demurrer, except the item of $224 alleged to be due to the plaintiff by the defendant for services performed in the collction from Roy Swindelle of certain moneys for the estate represented by the defendant. The only question left in the case was whether the defendant was liable to the plaintiff for the services performed by him in the collection of the Roy Swindelle loan, and as to whether the claim of the plaintiff for these services was barred by the statute of limitations, in that the services were performed more than four years before the institution of the suit. The undisputed evidence shows that the plaintiff was employed as attorney by Elizabeth McQuade, acting for the defendant executor, to attend to legal matters in connection with the estate which was represented by the executor, among which legal matters was the collection of an amount due to the estate, represented by a security deed to certain real estate, executed by Swindelle in favor of the defendant's testatrix; that the Swindelle collection started in July, 1934, and the work of the plaintiff in connection therewith continued until February 2, 1935; that cash and Home Owners Loan Corporation bonds were collected by the plaintiff in settlement of this debt; that all but $9.08 was collected from Swindelle and received by the estate; that the plaintiff made several efforts to collect this sum from Swindelle, without success; that his last effort was by a letter dated February 2, 1935; that shortly thereafter the plaintiff discontinued his effort to collect this balance, on being told by the defendant executor that the amount was "so small that it wasn't worth bothering with;" that the fee charged of $224 was a fair and reasonable proportion of the sum of $2244.54 actually collected on the Swindelle debt; that the defendant executor knew that the plaintiff attended to all legal matters for the estate; that the executor, being a resident of Tampa, Florida, could not attend to the affairs of the estate, and had these affairs attended to by his sister, Elizabeth McQuade; and that the executor admitted that "he acquiesced in all of the work by McIntire for the estate, and knew that McIntire was engaged in the estate's legal affairs."

The brief of evidence contains the following statement of a por-

tion of the defendant's testimony: "He does not remember definitely any conversation by McIntire at that time, regarding the balance due by Swindelle and McIntire's efforts to collect from Swindelle this balance, but does not deny that such a conversation was had. The amount still due by Swindelle was so small it is probable that he told McIntire to discontinue collection efforts. This conversation could have been had some date subsequent to February 2, 1935." The suit was filed on December 9, 1938. A finding for the plaintiff was demanded, for the value of his services performed in the collection of the Swindelle loan, and that the plaintiff did not complete the performance of his services in that regard until after February 2, 1935, which was within four years from the date of the filing of the suit against the defendant for the value of the plaintiff's services. The evidence demanded a finding that the plaintiff was employed under authority of the defendant, that he continued in this employment with knowledge and acquiescence of the defendant, and that the reasonable value of the legal services performed by the plaintiff attorney was $224.

Where one renders services valuable to another, a promise is implied to pay the reasonable value thereof. Code, § 3-107. "Where no special contract is made, the attorney may recover for the services actually rendered." § 9-611. There is no contention that the sum charged by the plaintiff for the services performed by him in the collection of the Swindelle loan for the estate represented by the defendant was not fair and reasonable. The estate represented by the defendant accepted and received the benefit of the services actually performed by the plaintiff; and unless barred by the statute of limitations, the plaintiff is entitled to collect the reasonable value of such services. Whether or not the evidence demands a finding for the plaintiff as to the value of the services, it demands a finding for the plaintiff for the value in some amount, as the jury may find under the evidence. A judgment for the plaintiff in some amount was demanded, and the judgment for the defendant was unauthorized. It is undisputed that the defendant informed the plaintiff, after February 2, 1935, to discontinue his efforts to collect the entire balance due by Swindelle to the estate, as the balance was trivial and not worth "bothering" about. This was within four years from the filing of the present suit. It follows that the judgment of the judge of the municipal court, who

heard this case without the intervention of a jury, was contrary to the law and without evidence to support it, and that on the contrary a verdict and judgment for the plaintiff were demanded. It was error to overrule the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*