RUNNALS *vs.* AYCOCK, and *vice versa.*

1. The evidence in this case was conflicting, and there was enough to support the verdict.

(a) Where a motion to dismiss a case was overruled and exceptions *pendente lite* were filed, and at a subsequent term the motion was renewed, there was no error in refusing to consider it.

2. Where exceptions *pendente lite* were filed, and subsequently the case was brought to this court, error should be assigned in this court upon such exceptions, in order that they may be considered.

(a) Where exception was taken *pendente lite* to the refusal of the court to dismiss one of two suits tried together, and on the final trial the verdict was in favor of one of the defendants in that suit, she had all the benefit as to it that could have been had by a dismissal; and the refusal to dismiss would not require a new trial on exception by her alone.

3. Where the showing in support of a motion for continuance on the ground of the absence of a witness set out that the witness had been subpœnaed, and that he was not absent by the consent or procurement of the defendant, and what she expected to prove by

him, but failed to show that the showing was not made for delay only, or that the defendant expected to procure his attendance at the next term of court, there was no error in overruling the motion.

(a) The practice of placing the *onus* of attaching witnesses on the party at whose instance they have been subpœnaed, is not approved. It subjects the parties to a disadvantage and brings them in conflict with the witnesses on whom they may have to rely. As a general rule, where a witness shows a disposition to keep out of the way, the court ought to enforce obedience to its precepts by calling upon its own officers to move in the matter. Where, however, a case has been continued repeatedly on account of the absence of the same witness, the court may exercise a discretion in refusing to continue further, unless effective steps have been taken to compel the attendance of such witness.

4. The judgment on the main bill of exceptions being affirmed, the cross-bill is dismissed.

April 15, 1887.

Verdict. Practice in Superior Court. Exceptions *pendente lite.* Practice in Supreme Court. Continuance. Before Judge BOYNTON. Rockdale Superior Court. August Term, 1886.

Reported in the decision.

J. N. GLENN, for plaintiff.

A. C. McCALLA, for defendant.

HALL, Justice.

Runnals brought suit in a justice's court against L. F. Aycock, who was the wife, and W. T. Aycock, the husband, upon two promissory notes given by them, bearing the same date, due at the same time, and for the same amount. To those suits there were two special pleas: one that the debt for which the notes were given was the husband's debt, and that the wife signed only as security; the other, that this transaction was usurious, that the amount purported to be loaned on each occasion was $100, whereas only $85 was advanced. Those cases were not heard in the

justice's court, but were carried by consent of counsel to the superior court, and placed upon the appeal there. On one of the notes, there were two credits, amounting to $50, each of the notes being for $87.87. These cases were consolidated and tried together by agreement. There were two trials in the superior court. On the first, the jury failed to agree, and a mistrial was declared. When the case was called on the first trial, the defendants made a motion to dismiss the suit (not the appeal) brought upon the note which had been reduced by the credits below the sum of $50. This motion was overruled, and to this de· cision a bill of exceptions *pendente lite* was filed and allowed. On the last trial of the case thus heard, there was a verdict found against both defendants on the note for $87.87. On that reduced by the payments, the verdict was against the husband alone; and the wife was thereby discharged from the payment of that note. A motion for new trial was made by Mrs. Aycock; and this writ of error from the refusal of that motion is prosecuted at her instance alone.

A motion to continue this case was made by the defendants, upon the last hearing, on account of the absence of a witness. It was shown that this witness had been subpœaned, and that he was not absent by the procurement or consent of the defendants, and what the parties would be able, if he were present, to prove by him. There the showing stops. There is no statement contained in it that the showing was not made for delay only, or that the parties expected to procure the attendance of the witness at the next term of the court. The judge, however, said that if the defendants would take out an attachment for this witness, and compel his attendance by that means, he would continue the case; but they declining to do so, he ordered the trial to proceed, and it resulted as above stated.

This motion for new trial on the part of Mrs. Aycock was made on six grounds, the first four of which were, that

the verdict was contrary to law, to the charge of the court, to the evidence, against the weight of evidence, and contrary to the equity and justice of the case. The 5th ground relates to the motion to dismiss the suit founded on the reduced note. That was overruled by the judge who tried the case upon the last hearing, because the question had already been determined on the former trial. The next ground, the 6th, relates to the refusal of the continuance on the defendant's motion.

1. As to the first four grounds we see no error in refusing the new trial, under the settled rule of this court. The evidence as to whose debt this was, was directly conflicting. Its preponderance shows that both loans were made to the wife. The money was borrowed to improve a tract of land which belonged to her, the husband being utterly insolvent. The 5th ground is the next we shall notice. Judge Boynton, who tried this last case, committed no error in refusing to consider that motion, for the reason that it had been passed upon and disposed of by Judge Hammond, who presided at the former trial; and exceptions to that decision being then pending and undisposed of, he was estopped from re-examining the subject.

2. But the exception *pendente lite* to the ruling on the first trial of that case comes up with this bill of exceptions. I remark in passing that no error was assigned in this court upon the exceptions *pendente lite*, and it is hardly doubtful that we are not at liberty, for that reason, to consider them. Whether there was a waiver of this objection by the consent to try these two cases together, it is not necessary to decide. One thing is certain, that Mrs. Aycock has had all the benefit of them that she could have had by the finding of the jury in her favor.

3. Nor do we think that there was error in overruling the ground of the motion which relates to the refusal of the continuance, for the reason that the showing for continuance is defective in the two particulars above set forth. Indeed, it might be inferred, from their refusal to attach the

witness, that they did not expect to have his attendance at the next term of the court. It may be well to remark that we do not approve of the practice of placing the *onus* of attaching witnesses upon parties at whose instance they have been subpœnaed. It subjects the parties to a disadvantage. It brings them in conflict with the witness on whom they may have to rely, and as a general thing, we think, where a witness shows a disposition to keep out of the way, the court ought to enforce obedience to its precepts by calling upon its own officer to move in the matter. Where, however, a case has been continued repeatedly on account of the absence of the ˄ame witness, then we think that the court may exercise a discretion in refusing to continue, unless effective steps have been taken to compel the attendance of that witness. But such has not been the case here, and we see no error that can hurt the party complaining.

4. There was a cross-bill of exceptions taken by Runnals to the refusal of the court to dismiss this motion for new trial, which we need not consider, inasmuch as the judgment in the principal case must be affirmed, and accordingly the cross-bill is dismissed, under the statute.