### Jones v. Ragan, guardian.

Fish, C. J. On January 9, 1890, Jones executed and delivered to Mrs. Mary Laramore a bond to make her a title to lot of land 37 in the 14th district of Lee county, upon the payment of her note given for the purchase-price of the land, due January 9, 1896, or earlier than that date in the event Jones or his heirs or assigns should, prior to the maturity of the note, finish sawing and hewing the timber from such lot of land and lot 36 in the same district. On the same date the parties to the bond for title executed the following instrument: "Georgia, Lee County, This agreement between Mary Laramore of the one part, and D. C. Jones

of the other part, both of said State and county, made this January
9th, 1890, witnesseth: That the said Mary Laramore, for and in con-
sideration of the sum of $2.50 per acre, to be paid as hereinafter agreed,
does hereby sell and convey unto the said D. C. Jones, his heirs and
assigns, all the timber suitable for sawing or hewing on 160 acres of
land, more or less, of lot of land No. 36, and 100 acres, more or less, of
lot of land No. 37, being all of the timbered land on said lots of land,
the same being in the 14th district of Lee county, Georgia; and it is
further agreed that the said Jones is to credit the amount due for said
timber on a certain promissory note given in favor of said Jones by
said Laramore, and bearing even date with this agreement, for the
sum of $510.00, due on the 9th day of January, 1896, 6 years from
date, or whenever the said Jones should finish sawing or hewing said
timber as aforesaid, by said Jones, in the event it is done sooner, and
without interest; and should the number of acres from which the timber
is sawed and hewed as aforesaid by said Jones, his heirs or assigns, at
the price per acre aforesaid, be more than enough to cover said amount
of said note, then the overplus to be paid to the said Mary Laramore,
and the same to be due and payable monthly, at the end of each month
as fast as so hewed and sawed, and at the price aforesaid; and if said
Jones, his heirs or assigns, fails to use the timber as aforesaid, by the
expiration of said six years from this date, then and in that event the
said D. C. Jones, his heirs and assigns, are to be due said Laramore for
whatever number of acres of timber thus sold that may not then be paid
for, and not hewed and sawed. In testimony whereof we have hereunto
set our hands and seals, this the 9th day of January, 1890. [Signed]
Mary Laramore. D. C. Jones. Signed, sealed, and delivered in presence
of: J. V. Covin. H. L. Long." On the following day H. L. Long made
an affidavit, before the clerk of the superior court of Lee county, that
he signed the same as a witness and also saw the other witness sign.
The instrument was recorded in the clerk's office of Lee superior court
on the date of such affidavit. Held:

1. In the trial of an action involving the contract exhibited by the fore-
going instruments, the court properly instructed the jury to the effect
that if, upon the date of the execution of such instruments, there were a
sufficient number of acres of timber suitable for sawing and hewing on
the lots 36 and 37 to amount, at $2.50 an acre, to the sum of $510.00
the principal of the note, then Jones at the maturity of the note was
bound to execute to Mrs. Laramore, if in life, and if not, then to her
heirs at law, a deed to the lot No. 37.

2. After the death of Mrs. Laramore, prior to the maturity of the note,
the administrator of her estate was not authorized, merely by virtue
of his office as administrator, to make a private contract with Jones,
whereby the contract above referred to between Mrs. Laramore and
Jones was rescinded, and the bond for title and possession of the land
surrendered to Jones, and the note of Mrs. Laramore surrendered to the
administrator, and certain other indebtedness of Mrs. Laramore to
Jones and a debt of the administrator to Jones were cancelled.

(a) Such agreement for rescission entered into by the administrator
clearly was not embraced in the provisions of either § 3429 or § 3430 of

the Civil Code of 1895 (Civil Code (1910), §§ 4005, 4006). But, even if it was, a valid compromise could not be made by the administrator without an order of the ordinary having first been granted to make it. Nor was such contract of rescission authorized by the Civil Code (1895), § 3428 (Ib. 1910, § 4004), as that section authorizes administrators "to compromise all contested or doubtful claims for or against the estates . . that they represent." In the present case neither the right of Jones to collect the note for the purchase-price of lot 37, if it had not been paid, nor the right of the heirs at law of Mrs. Laramore to require Jones to execute to them a deed to such lot, constituted a contested or doubtful claim. See *Maynard* v. *Cleveland*, 76 *Ga.* 52, 69 et seq.

(b) Accordingly, the court properly struck, on motion of the plaintiff below, the amendment to the defendant's answer, setting up the contract of rescission in the 13th paragraph of that answer.

3. Many of the assignments of error in the motion for a new trial, upon certain instructions of the court to the jury, and upon the admission and rejection of evidence relating to the matter of mesne profits and damages, were eliminated by the verdict of the jury, which did not find any mesne profits or damages.

4. Under the construction of the contract between Jones and Mrs. Laramore, as applied by the trial court, and as approved by the preceding notes, the judge did not err in any of the other rulings complained of in the motion for a new trial.

5. Upon the allowance of an amendment to the petition, it was not an abuse of discretion for the trial court to overrule a motion for continuance upon the ground of surprise, where it was not shown how the moving party was surprised, and that he was less prepared to go on with the trial than he would have been if the amendment had not been allowed. *Craddock* v. *Kelly*, 129 *Ga.* 818 (4), 819 (60 S. E. 193).

6. Assignments of error in the bill of exceptions which are not referred to in the brief of counsel for the plaintiff in error will be considered as abandoned.

7. Exceptions pendente lite, though duly allowed and ordered filed as a part of the record, upon which no error was originally assigned in the main bill of exceptions, and upon which counsel made no assignment before the argument of the case, will not be considered by this court. *Shaw* v. *Jones, Newton & Co.*, 133 *Ga.* 446 (66 S. E. 240), and citations; *Runnals* v. *Aycock*, 78 *Ga.* 553 (3 S. E. 657).

8. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

　　　*Judgment affirmed.*　*Beck, J., absent.　The other Justices concur.*
　　　　　　　　　　　AUGUST 16, 1911.

Equitable petition.　Before Judge Littlejohn.　Lee superior court.　December 31, 1909.

*W. P. Wallis* and *II. B. Simmons,* for plaintiff in error.

*Ware G. Martin* and *Shipp & Sheppard,* contra.