## 11342.  CARHART *v.* MACKLE *et al.*

1. Counsel for the plaintiff in error having specifically abandoned in their brief the second count of the petition, no question relating to that count will be considered by this court.
2. "Exceptions pendente lite, though duly approved and ordered filed as a part of the record, upon which no error was originally assigned in the main bill of exceptions, and upon which counsel made no assignment before the argument of the case, will not be considered by this court."

DECIDED JULY 15, 1920.

Action for damages; from city court of Atlanta — Judge Reid. January 10, 1920.

*Moore & Pomeroy, Coles & Savage,* for plaintiff.

*Norman I. Miller,* for defendants.

BLOODWORTH, J.  The bill of exceptions, which was certified by the presiding judge on the 16th day of February, 1920, in so far as it relates to the first count of the petition (the only count relied on in the brief of counsel for the plaintiff in error), is as follows: "Be it remembered that on the 20th day of October, 1917, at the regular September 1917 term of the City Court of Atlanta, before Honorable H. M. Reid, judge thereof, there came on to be heard the case of R. A. Carhart *v.* F. E. Mackle and Sheridan McAuley, such hearing being had on general demurrers filed by the defendants therein to count one of plaintiff's petition in such cause, and also on general and special demurrers to count two of such petition. And thereupon the court entered orders sustaining the general demurrers to count one upon the ground that said count set forth no cause of action against said defendants; and the said court also sustained in the same orders one of the special demurrers to count two of plaintiff's petition, but did not pass upon the general demurrers to count two of said petition. To each and all of which rulings of said court the plaintiff in error excepted, now excepts, and assigns the same as errors. Plaintiff in error thereupon, and within the time required by law, filed his bill of exceptions and carried this case to the Court of Appeals of Georgia, and upon mo-

tion of the defendants in error the Court of Appeals dismissed said bill of exceptions upon the ground that the same was taken to the said Court of Appeals prematurely, inasmuch as the case had not been finally determined in the lower court, and that the case was still pending in said lower court, but ordered that such bill of exceptions operate as exceptions pendente lite, as shown by the remitter in said case." 22 *Ga. App.* 520 (96 S. E. 591). It will be seen from the foregoing that the plaintiff in error excepted only to the rulings on the demurrers, and did not specifically assign error on the exceptions pendente lite. In *Sumner* v. *Sumner,* 121 *Ga.* 1 (1) (48 S. E. 727), the Supreme Court held that "In order for exceptions pendente lite to be passed upon by the Supreme Court, error must be distinctly assigned thereon either in the bill of exceptions or at the hearing of the case in that court." A case which presents a question quite similar to the one at bar is that of *Jones* v. *Ragan,* 136 *Ga.* 653 (71 S. E. 1098). In that case the Supreme Court held: "Exceptions pendente lite, though duly allowed and ordered filed as a part of the record, upon which no error was originally assigned in the main bill of exceptions, and upon which counsel made no assignment before the argument of the case, will not be considered by this court." In support of this holding the cases of *Shaw* v. *Jones Newton Co.,* 133 *Ga.* 446 (66 S. E. 240), and citations, and *Runnals* v. *Aycock,* 78 *Ga.* 553 (3 S. E. 657), were cited. This ruling is controlling in the present case. See also *Stover* v. *Adams,* 114 *Ga.* 171 (1), 172 (39 S. E. 864) ; *Nicholls* v. *Popwell,* 80 *Ga.* 605 (9) (6 S. E. 21).

*Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*