## 11788. PONDER *v.* THE STATE.

BROYLES, C. J. 1. Before exceptions pendente lite can be considered by this court, error must have been originally assigned in the main bill of exceptions *upon the exceptions pendente lite,* and not merely *upon the judgment complained of* in the exceptions pendente lite, or such an assignment must be made, by the permission of this court, before the argument of the case here. *Jones* v. *Ragan,* 136 *Ga.* 653 (71 S. E. 1098); *Sovereign Camp of Woodmen of the World* v. *Warner,* 25 *Ga. App.* 449 (103 S. E. 861); *Carhart* v. *Mackle,* 25 *Ga. App.* 499 (103 S. E. 855). An inspection of the original records of those cases (of file in the office of the clerk of the reviewing court) discloses that in the main bill of exceptions in each case error was assigned upon the judgment complained of in the exceptions pendente lite and not upon the exceptions pendente lite themselves. Under this ruling, the exceptions pendente lite cannot be considered.

2. The motion for a new trial is based upon the general grounds only, and the verdict was amply authorized by the evidence. It follows that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 9, 1920.

Accusation of possession of liquor; from city court of Brunswick— Judge Butts. July 14, 1920.

Application for certiorari was denied by the Supreme Court.

Writ of error from the Supreme Court of the United States was granted.

Exceptions pendente lite to the overruling of the defendant's demurrer to the accusation are specified in the main bill of exceptions as a part of the record material to the consideration of the errors complained of, and were sent up in the record; and in regard to that ruling the main bill of exceptions says: "Said defendant, being dissatisfied with the judgment of the court overruling his demurrer, then and there excepted thereto and filed his bill of exceptions pendente lite thereto. alleging that said court erred and that the judgment was contrary to law, which required that said demurrer be sustained upon the general grounds taken, both singly and collectively. Said demurrer, the judgment of court refusing same, and said bill of exceptions are on record in said court and hereby referred to and made a part of this bill of exceptions and error is hereby assigned upon the judgment of said court overruling and denying said demurrer, and the judgment of the appellate court reversing the same is hereby prayed."

*Bolling Whitfield, A. H. Crovatt,* for plaintiff in error.

*F. M. Scarlett Jr., solicitor,* contra.

ON MOTION FOR REHEARING.

BROYLES, C J. Counsel for the plaintiff in error, in their motion for a rehearing of the case, complain that this court, in passing upon the grounds of the motion for a new trial, considered only the ground that alleged "the verdict is contrary to evidence and without evidence to support it." Counsel for the plaintiff in error having argued in their brief only that ground of the motion for a new trial, the other grounds were treated as abandoned.

The question as to whether the eighteenth amendment to the constitution of the United States, and the "national prohibition act," generally known as the "Volstead act," superseded or abrogated the existing prohibition laws of the State, was attempted to be raised only by the demurrer to the accusation, and, under the ruling in paragraph 1 of the decision in this case, could not be considered by this court, since it was brought up by exceptions pendente lite upon which no assignment of error was made in the main bill of exceptions. However, the Supreme Court has recently passed upon the merits of this identical question adversely to the contentions of the plaintiff in error. See *Jones* v. *Hicks,* 150 *Ga.* 628 (104 S. E. 771).

*Rehearing denied. Luke and Bloodworth, JJ., concur.*