## 11653.   FINLEY *v.* THE STATE.

BLOODWORTH, J.   1. For no reason assigned did the court err in overruling any of the grounds of the amendment to the motion for a new trial which relate to the charge of the court as given or to the refusal to charge as requested.

2. None of the grounds of the motion for a new trial which relate to the admission or exclusion of evidence shows reversible error.

3. The evidence authorized the verdict, which has the approval of the trial judge, and the judgment is

           *Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 11, 1920. REHEARING DENIED DECEMBER 16, 1920.

Indictment for larceny of hogs; from Coffee superior court — Judge Summerall. June 11, 1920.

The indictment charged A. B. Finley Jr. with larceny of certain hogs of E. M. Lott, " to wit: two black barrow hogs, about nine months old and marked two straight splits in one ear and one straight split in the other ear, and four black sow hogs marked crop, underbit in one ear and underbit in the other ear, and said sow hogs being about nine months old and of the value of sixty dollars."

1. In charging the jury the court stated that the indictment was preferred at the November term, 1917. In the motion for a new trial this was complained of on the ground that the indictment showed that it was preferred at the November term " 191." In the copy of the indictment in the record these figures are followed by a dash, and it appears that·the indictment was filed November 20, 1917.

2. After stating to the jury that the State was not asking for a conviction of the defendant for taking the four black sow hogs described in the indictment, but was only asking them " to consider the question as to the two black barrow hogs described in the indictment," the court charged ·that if the jury should find that the defendant took " the two hogs, or either one of the hogs mentioned in the indictment," with intent to steal them, or either of them, the jury should convict him. It was contended that it was error for the court to authorize the jury to consider proof of the larceny of the two barrow hogs to the exclusion of the four sow hogs described in the indictment; that the State was required to prove the charge as laid in the indictment, and could not, after the defendant had been put in jeopardy, elect to abandon a part of the charge made and rely for a conviction on the other part.

3. After stating to the jury the State's contention as to the larceny of the two black barrow hogs, the court charged the jury: " If you believe, from the evidence submitted to you upon the trial of this case and the defendant's statement, that the contentions of the State are true, you should convict the defendant." This part of the charge was complained of for the reason stated above,

and further because it " relieved the State of the burden of proving the defendant's guilt to a moral and reasonable certainty and beyond a reasonable doubt," and unduly stressed the contentions of the State, to the exclusion of the contentions of the defendant, and was argumentative, and specifically called attention the second time in the course of the charge, in practically the same language, to the State's contentions.

4. It was alleged that the court erred in refusing to charge that the value of the hogs " must be alleged in the indictment, and the proof must show that such hogs had some value;" and in refusing to charge: " If you find that the indictment fails to allege any value of the two barrow hogs described in the indictment, and you further find from the evidence that the ownership of, or title to, the four sow hogs described in the indictment was not in E. M. Lott at the time they were alleged to have been stolen, but the title to these four sow hogs was vested in some other person, then you could not convict the defendant of the offense charged." There was evidence as to the value of the two barrow hogs.

5. Evidence as to the finding of the hogs in the possession of the defendant was introduced by the State; it was testified that they were in his possession in his field and were claimed by him as his property; the defendant's father testified that the field was his own property and not the property of the defendant; that the defendant resided with him, but had no control or possession of the property. It was alleged that the court erred in refusing to charge that evidence as to the finding of the hogs in the field could not be considered in determining as to the guilt of the defendant, if he was not the owner of the field or not in exclusive control or possession of it.

6. It was alleged that the court erred in refusing to exclude testimony offered by the State as to the changing of marks on the hogs, the testimony being objected to on the ground that it was prejudicial to the defendant because it related to a different crime from the one charged in the indictment, and was an attack upon his character, which had not been put in issue.

7. Upon the ground that as to the two barrow hogs no value was alleged in the indictment, the defendant objected to the admission of testimony of the prosecutor that they were worth $5

each; and it was alleged that the court erred in admitting this testimony.

8. It was alleged that the court erred in admitting testimony of the prosecutor that when the two hogs in question were carried to his place after they had been found, they slept with his other hogs and did not fight. This testimony was objected to as being irrelevant.

9. It was alleged that the court erred in refusing to admit in evidence the record of a bail-trover proceeding instituted by the defendant's father to recover the four sows described in the indictment, and the record of a like proceeding of Jesse Gray to recover from the prosecutor the two barrow hogs described in the indictment. It was contended that the proceeding instituted by the defendant's father was admissible as showing that before the indictment was returned the plaintiff was claiming title to the hogs, and as a circumstance to show his good faith; and that for the same reason, and in connection with testimony of the defendant's father showing that the witness had sold the two barrow hogs to Jesse Gray, who at the time of the trial was in the navy and inaccessible as a witness, the proceeding instituted by Gray was admissible; and that " said evidence was further admissible as a circumstance bearing on the identity, title, and ownership of the hogs described in the indictment."

*C. A. Ward, L. E. Heath, Casey Thigpen,* for plaintiff in error.

*A. B. Spence, solicitor-general, E. L. Grantham,* contra.

ON MOTION FOR REHEARING.

PER CURIAM. This court is without jurisdiction to pass upon the alleged error in overruling the demurrer to the indictment. It can review such errors under two conditions only: (*a*) when there is a direct bill of exceptions filed in twenty days from the date of the judgment of which complaint is made (Civil Code of 1910, § 6153; *Irwin* v. *State,* 117 *Ga.* 722(1) (45 S. E. 59); (*b*) where the exceptions are preserved by exceptions pendente lite and error is properly assigned on these exceptions, either in the main bill of exceptions or in this court by counsel for plaintiff in error before argument is begun. *Shaw* v. *Jones,* 133 *Ga.* 446(1) (66 S. E. 240); *Stover* v. *Adams,* 114 *Ga.* 171(1) (39 S. E. 864); *Jones* v. *State,* 21 *Ga. App.* 22(1) (93 S. E. 514). Where there are ex-

ceptions pendente lite the assignment of error must be " upon the exceptions pendente lite and not merely upon the judgment complained of in the exceptions pendente lite." *Ponder* v. *State,* 25 *Ga. App.* 768 (105 S. E. 318). In the case under consideration the main bill of exceptions assigns error " upon the overruling of said demurrer," and does not assign error·on the exceptions pendente lite, but only " specifies said exceptions pendente lite as a part of the record to be sent up to the higher court." See *Carhart* v. *Mackle,* 25 *Ga. App.* 499 (103 S. E. 855), and cases cited.

    *Rehearing denied. Broyles, C. J., and Luke, J., concur.*