## 12030.  DEVEREAUX v. THE STATE.

BLOODWORTH, J.  The accusation charged that the defendant unlawfully
operated a motor-vehicle upon a public highway " at a greater speed
than ten miles per hour upon approaching a sharp curve and traversing
said sharp curve."  A demurrer to the accusation was overruled and excep-
tions pendente lite were filed.  This ruling and the overruling of the
defendant's motion for a new trial are assigned as error in the main
bill of exceptions.  *Held*:

1. " Before exceptions pendente lite can be considered by this court, error
must have been originally assigned in the main bill of exceptions *upon
the exceptions pendente lite,* and not merely *upon the judgment com-
plained of* in the exceptions pendente lite, or such an assignment must
be made, by the permission of this court, before the argument of the
case here.  *Jones* v. *Ragan,* 136 *Ga.* 653 (71 S. E. 1098); *Sovereign
Camp of Woodmen of the World* v. *Warner,* 25 *Ga. App.* 449 (103 S. E.
861); *Carhart* v. *Mackle,* 25 *Ga. App.* 499 (103 S. E. 855)."  *Ponder* v.
*State,* 25 *Ga. App.* 768 (105 S. E. 318(1).  Under this ruling the ex-
ceptions pendente lite in this case can not be considered.

2. None of the grounds of the motion for a new trial points out any error
that would authorize the grant of a new trial.

3. There was evidence to support the verdict; it is approved by the trial
judge, and this court will not interfere.

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*

DECIDED MARCH 8, 1921.

Accusation of violation of motor-vehicle law; from city court of
Macon — Judge Gunn.  November 18, 1920.

The accusation charged that Willie Devereaux operated a mo-
tor-truck upon a public highway at a greater speed than ten
miles per hour on approaching and on traversing a sharp curve
of the road.  On the trial Wilse Birdsong testified for the State
as follows: " I saw the defendant on the Milledgeville road, driv-
ing a Ford car at a rate of speed of 28 miles per hour.  He ap-
proached and went around a curve at the rate of 28 miles per
hour.  There was a building on the side of the road.  One couldn't
see around the curve, on account of said building.  The Milledge-
ville road is a public highway of the State of Georgia.  This af-
fair occurred in Bibb county, Georgia.  I don't know the degree
of the curve about which I have testified.  I don't understand an-
gles and degrees as regards curves.  Standing where the curve
begins, one can see ahead not more than 20 feet on the bed of
the road.  Disregarding any buildings or other obstacles on the
side of the road, one can only see ahead about 20 feet on the bed of

the road. In traversing the curve you go about 75 feet before entering a stretch of the road. I can draw from memory a diagram showing about how the road curved." The witness drew a diagram, which at the conclusion of his testimony was admitted in evidence, over objection of the defendant. The witness testified: " I didn't draw diagram to scale. I don't know anything about scales with regard to diagram and maps. I have never made a road map. The diagram is made from memory only. I didn't make any measurements. I can not swear positively that this is a correct diagram. I swear, though, from the best of my knowledge and belief, that the road turns as shown on the diagram. " There was no additional evidence.

The defendant's objections to the admission of the diagram were: it was not made by an expert; it was only on opinion of the witness; it was not made on the scene, but was made from memory only; it was not made from data and figures made by the witness at the scene of the curve; it was not made to scale; it was immaterial and irrelevant; it was not proved to be a correct representation of the curve, or a correct diagram of the road at the place of the curve and at the time the offense was alleged to have been committed. In the motion for a new trial it is alleged that the court erred in admitting the diagram in evidence over these objections.

In the other special grounds of the motion for a new trial it is alleged that the court erred in admitting, over the objection that the testimony .was irrelevant and could not in any way show the sharpness of the curve, the statements of the witness Birdsong that " there was a building on the side of the road; " that one could not see around the curve, on account of the building; that, standing where the curve begins, one can see ahead about 20 feet and not more than 20 feet on the bed of the road, and that in traversing the curve one can go about 75 feet before entering a stretch of the road.

*Clements & Clements, James L. Wimberly,* for plaintiff in error.
*Roy W. Moore, solicitor, Harry S. Strozier,* contra.