11934, 11963.  GUTHRIE *v.* PENINSULAR NAVAL STORES COMPANY; and *vice versa.*

A bill of exceptions does not assign error on exceptions pendente lite by stating that "error is hereby assigned upon the rulings of the court as contained in the exceptions pendente lite."

A ground of the motion for a new trial is too incomplete to be considered where it alleges as error that the court failed to state to the jury the defendant's contentions so that the jury could understand them but does not contain what the court charged, and the charge of the court is not attached to the ground as an exhibit.

Relationship which would disqualify the judge from presiding is not sufficiently shown.

(a) Relationship to the judge will not be presumed to be prejudicial to a party so related.

DECIDED MARCH 9, 1921. REHEARING DENIED APRIL 13, 1921.

Complaint; from city court of Nashville — Judge W. R. Smith. June 25, 1920.

Application for certiorari was denied by the Supreme Court.

*J. P. Knight, R. A. Hendricks,* for plaintiff.

*J. D. Lovett, W. D. Buie,* for defendant.

BROYLES, C. J. 1. The interlocutory ruling of the court, in recommitting to the auditor his report for the purpose of per-. fecting it, was excepted to pendente lite by the plaintiff in error, but in the main bill of exceptions there is no assignment of error upon the exceptions pendente lite themselves; error is assigned merely upon the ruling therein complained of. Under the ruling in *Ponder* v. *State,* 25 *Ga. App.* 768 (105 S. E. 318), the exceptions pendente lite cannot be considered.

(a) Under the above ruling, neither can the assignment of error in the cross-bill of exceptions be considered.

2. Upon the trial several other interlocutory rulings were excepted to, and the plaintiff in error contended in the lower court, and contends in his bill of exceptions in this court, that all of the exceptions were preserved by exceptions pendente lite which were duly filed and allowed, but which were never recorded on the minutes in the office of the clerk of the lower court, and which were subsequently lost or otherwise misplaced, and he petitioned the court to establish his lost exceptions pendente lite and have them placed upon the minutes and filed as a part of the record in this case. Upon the hearing of the motion and of evidence thereon, the court denied the motion and refused to establish the alleged lost exceptions pendente lite, and to this ruling the plaintiff in error excepted. Under the ruling in the preceding note, it is unnecessary to pass on this assignment of error, since the main bill of exceptions contains no assignment of error upon the alleged lost exceptions pendente lite themselves, but error is assigned merely upon the rulings therein complained of, and therefore, even if the lost exceptions had been established and sent up as a part of the record, they could not have been considered.

3. Under repeated rulings of this court and of the Supreme

Court, a ground of a motion for a new trial must be complete within itself and will not be considered when it cannot be intelligently passed upon without an examination of some other part of the record. In the instant case the first ground of the amendment to the motion for a new trial alleges that " the court wholly failed to state the contentions of the defendant to the jury so that the jury could grasp and understand the same. " The ground then sets forth the alleged contentions of the defendant, but does not set forth what the court charged, if anything, on the subject, nor the entire charge of the court, nor is the charge attached to the ground as an exhibit. The ground is therefore too incomplete to be considered, as this court could not intelligently pass upon it without an examination of the entire charge of the court.

4. In view of the notes of the trial judge there is no merit in the second ground of the amendment to the motion for a new trial.

5. No material error appears in any of the excerpts from the charge of the court as complained of in the 3d, 4th, and 5th grounds of the amendment to the motion for a new trial.

.6. A ground of the motion for a new trial complains, that the judge erred in holding himself, over the objections of the defendant, qualified to preside in the trial of the case. This ruling was made during the trial on November 17, 1919, and the bill of exceptions was not tendered until July, 1920, and the exception was not preserved by exceptions pendente lite. (This exception was one of those attempted to be preserved by the alleged lost exceptions pendente lite referred to above.) However, conceding, but not deciding, that such a ruling could be made a ground of a motion for a new trial, this court cannot say, from a review of the evidence in the record, that the relationship within the prohibited degree of the presiding judge to the plaintiff in error was so affirmatively made to appear that the judge erred in holding himself qualified. Moreover, close relationship of a party to the presiding judge will be presumed beneficial, and not prejudicial, to that party (*Parker* v. *State,* 146 Ga. 131, 90 S. E. 859, and citations), and, where waived by the opposite party (as it obviously was in the instant case), affords no ground for a

new trial; and it is immaterial whether the question be raised before or after the return of the verdict.

(*a*) Under this ruling there is likewise no merit in the assignment of error in the main bill of exceptions upon the overruling of the objections, based upon the alleged disqualification of the presiding judge, to his passing upon the motion for a new trial.

7. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed on both bills of exceptions. Luke and Bloodworth, JJ., concur.*

### ON MOTION FOR REHEARING.

BROYLES, C. J. Counsel for plaintiff in error, in their motion for a rehearing of this case, contend that the main bill of exceptions did contain proper assignments of error upon the several exceptions pendente lite therein referred to. Under the ruling in *Ponder* v. *State,* 25 *Ga. App.* 768 (105 S. E. 318), and cases there cited, there was no proper assignment of error upon the exceptions pendente lite. The plaintiff in error, after stating in his main bill of exceptions that exceptions pendente lite (which preserved his exceptions to certain interlocutory rulings of the court) were allowed and filed, should have assigned error thereon substantially as follows: "And error is hereby assigned *upon the exceptions pendente lite.*" It is not a proper assignment of error to assign error merely *upon the ruling* complained of in the exceptions pendente lite, even if put this way: "And error is hereby assigned *upon the rulings* of the court as contained in the exceptions pendente lite."

None of the grounds of the motion shows cause for a rehearing of the case.

*Rehearing denied. Luke and Bloodworth, JJ., concur.*

NOTE: See subsequent legislation as to grounds of motion for new trial, exceptions pendente lite, etc. Ga. L. 1921, p. 232.