12396.  SCOGGINS *v.* THE STATE.

1. The exception to the striking of the special plea of former jeopardy is controlled by previous rulings cited.

2. The exceptions to instructions to the jury, as argumentative, and as unauthorized by evidence, are not well taken.

3. Allegations that the verdict is contrary to specified parts of the charge to the jury are covered by the general grounds of the motion for new trial.

4. Where, upon a verdict finding the accused guilty of robbery, and recommending her "to the extreme mercy of the court," the judge imposed sentence as for a misdemeanor (i. e., twelve months on the State farm, instead of service on the county chain-gang), the form of the verdict resulted in no harm to the accused, and furnished no cause for a new trial.

DECIDED JUNE 14, 1921.

Indictment for robbery; from Bibb superior court — Judge Mathews. March 5, 1921.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J. 1. A plea of former jeopardy was filed in this case, and on November 22, 1920, it was stricken. To this ruling no exception was taken. On January 24, 1921, the case coming on for a second trial after a mistrial, counsel for the defendant again insisted on his special plea, and the judge presiding passed the following order: "After hearing this motion to strike this plea of former jeopardy, the same is hereby sustained upon the ground that the same has been passed on and sus-

tained at the present term of this court by Hon. J. R. Terrell, presiding in this court on November 22, 1920." The certificate to the bill of exceptions is dated March 10, 1921. On January 29, 1921, counsel for the defendant filed exceptions pendente lite to the order striking the special plea, but in the bill of exceptions there is no assignment of error on the exceptions pendente lite; though error is assigned on the ruling of the court striking the plea. This court cannot consider the alleged error in striking the special plea, because the bill of exceptions was signed more than twenty days after the date of the order complained of (*Scarboro* v. *State,* 24 *Ga. App.* 27 (3-a), 28 (3-a), 99 S. E. 637), and cases cited), and in the bill of exceptions error is not assigned on the exceptions pendente lite. *Ponder* v. *State,* 25 *Ga. App.* 768 (105 S. E. 318); *Devereaux* v. *State,* 26 *Ga. App.* 429 (106 S. E. 740), and cases cited; *Guthrie* v. *Peninsular Naval Stores Co.,* 26 *Ga. App.* 458, 461 (107 S. E. 260). (Note: See subsequent legislation, Ga. L. 1921, p. 233.)

2. It is insisted that certain excerpts from the charge which are incorporated in the motion for a new trial are erroneous, because " the record fails to show any violence on the part of the defendant or that she took any part in the robbery, and therefore it was error to charge upon force and violence;" " there was no conspiracy shown in the case;" " the charge was argumentative." These points are not well taken. The charge was not argumentative; there was abundant evidence to show violence, and ample evidence from which the jury could infer a conspiracy, " which may be established by proof of acts and conduct as well as by direct proof or express agreement." *Bolton* v. *State,* 21 *Ga. App.* 184, 188 (94 S. E. 95), and cases cited.

3. Certain grounds of the motion allege error because the verdict was contrary to certain specified portions of the charge. " A ground of a motion for a new trial complaining that the finding of the jury was contrary to certain specified portions of the charge amounts merely to a complaint that the verdict was contrary to law, and the general grounds of the motion cover that exception. *Brannan* v. *McWilliams,* 146 *Ga.* 528 (4) (91 S. E. 772). See also *Seaboard Air-Line Railway* v. *Vaughn,* 19 *Ga. App.* 398 (2-c) (91 S. E. 516); *Ga. Northern Ry. Co.* v. *Sharp,* 19 *Ga. App.* 504 (3) (91 S. E. 1045).

4. The jury returned the following verdict: "We, the jury, find the defendant guilty, and recommend her to the extreme mercy of the court." It is alleged that this "is an illegal verdict, that it is unauthorized by law, that the jury should have fixed a minimum and maximum punishment in the case, but they left it to the trial judge to fix the punishment," and it is insisted that the judge should have sent the jury back in order that they might make a legal verdict and fix the minimum and maximum punishment." If this had been done, the minimum punishment which the jury could have fixed would have been one year in the penitentiary. The trial judge treated the verdict rendered as one recommending that the accused be punished as for a misdemeanor, and in the note to this ground of the motion for a new trial he said: "The sentence imposed was a misdemeanor sentence, being twelve months on the State farm, in lieu of a sentence to serve on the county chain-gang." The verdict being thus treated, the form in which it was returned did no harm to the cause of the defendant.

5. The trial judge having approved the finding of the jury, and there being evidence to support the verdict, this court, in the absence of any error of law, cannot interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*