## 12549, 12550.  DOUGLAS et al. v. STEPHENS, adm'x; and vice versa.

1. The evidence in support of the allegations of the petition, as set out in the second count, is sufficient to support the verdict for the plaintiff on that count; and the objection made to the admission of evidence in the amended motion for a new trial is without merit.

2. The evidence in support of the allegations of the first count of the

petition proved a prima facie case for the plaintiff, and the judgment of nonsuit as to this count should not have been awarded.

DECIDED OCTOBER 7, 1921.

Complaint; from city court of Bainbridge — Judge Spooner. May 2, 1921.

*J. C. Hale, M. E. O'Neal,* for Douglas *et al.*

*John R. Wilson, H. C. Harrison,* contra.

HILL, J. This was a suit on an implied contract, to recover for the value of services rendered by the husband of the plaintiff. The petition contained two counts. The first count was for services rendered on account of the sale of a milling plant, which it is alleged the decedent sold for and on behalf of the defendants, and the claim is based on a quantum meruit for such services. The second count was for services rendered by the decedent husband of the plaintiff as a caretaker of the mill property before its sale, and the claim is for a quantum meruit on this account. At the conclusion of the evidence the trial court granted a motion to nonsuit the case as to the first count, and submitted the second count to the jury, who found a verdict for $175 for the plaintiff. The defendants filed a motion for a new trial, based upon the general grounds and upon exceptions as to the admissibility of certain letters as evidence in favor of the plaintiff. The plaintiff preserved exceptions pendente lite to the judgment sustaining the motion for a nonsuit on the first count, and in a cross-bill of exceptions error is assigned on that judgment.

1. The judgment on the main bill of exceptions is affirmed. The evidence for the plaintiff amply supported, if it did not demand, a verdict for the plaintiff on the second count of the petition. She proved that the services were rendered by her deceased husband as a caretaker of the property in question for the defendants and were accepted by them, and that the reasonable value of such services was from forty to fifty dollars a month. There was no affirmative defense, either by plea or evidence, that such services had been paid for by the defendants. "It is said that the only difference between an express contract and an implied contract is that in the former all of the terms and conditions are expressed between the parties, while in the latter some one or more of the terms and conditions are implied by law from the conduct of the parties. Thus, where one performs for another, with the other's knowledge, a useful service of a character that is usually

charged for, and the latter expresses no dissent or avails himself of the service, a promise to pay the reasonable value of the service is implied." 6 R. C. L. 587.

2. A motion was made in this court to dismiss the cross-bill of exceptions, upon the authority of the decision in *Guthrie* v. *Peninsular Naval Stores Co.,* 26 *Ga. App.* 458 (107 S. E. 260), on the ground that there is no assignment of error upon the exceptions pendente lite, but only on the ruling therein complained of. There are other decisions by this court and the Supreme Court to the same effect. Evidently to meet these rulings, the legislature at its late session enacted the following law: " An act to regulate and prescribe certain matters of review procedure and practice in the courts of this State, and for other purposes. Whereas, it is the policy of the law of this State, as declared in section 6183 of the Civil Code, that no case shall be dismissed by the reviewing courts for want of technical conformity to the statutes or rules of practice, where there is enough in the bill of exceptions and transcript of record to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein; and whereas the refusal of the court to pass upon any question made is to that extent a dismissal of the case; and whereas useless duplication in records and briefs should be avoided: . . Section 2. Be it further enacted, that when the final bill of exceptions shows that exceptions pendente lite were properly filed in the trial court, and where the contents of such exceptions pendente lite are recited in the bill of exceptions, or a copy thereof appears in the transcript of record, an assignment of error in the final bill of exceptions either upon the exceptions pendente lite or upon the rulings therein excepted to shall be held to be sufficient." Ga. L. 1921, p. 232. This act was approved August 15, 1921. The cross-bill of exceptions in the present case, as to the assignment of error therein, is in full compliance with the requirements of the statute, and therefore the motion to dismiss is refused.

The judgment complained of in the cross-bill of exceptions is reversed. The evidence in support of the quantum meruit covered by the first count of the petition establishes the plaintiff's claim that the services therein claimed to have been rendered by her deceased husband to the defendants were in fact rendered, that

these services were accepted by the defendants, and that the value of the services was five per cent., or $300, on the amount of the sum arising from the sale of the property of the defendants by the decedent. The defendants had filed a plea of general issue, but they introduced no evidence in support thereof, and moved for a nonsuit, which was granted as to the first count of the petition. The defendants insist that the nonsuit was demanded because the evidence failed to show that the defendants had failed and refused to pay the deceased husband of the plaintiff, or his estate, the reasonable value of such services, and that such allegation, and proof thereof, is necessary before a recovery would be authorized. This seems to be the general rule. "The breach of the promise in general assumpsit is the neglect and refusal of the defendant to perform it — that is, to pay. As in special assumpsit, it is an essential part of the cause of action, and must in all cases be stated." Shipman's Common-Law Pleading (2d ed.), 225; 40 Cyc. 2841; 5 C. J. 1397. But a different rule seems to have been announced by the Supreme Court of this State. In *Christian* v. *Bryant,* 102 *Ga.* 561 (27 S. E. 666), it was held that "payment is an affirmative defense which should be set up and proved by the defendant." And in the same case it was further held: "An action on account for personalty alleged to have been sold and delivered by the plaintiff to the defendant is sufficiently supported by evidence showing the sale and delivery at the price sued for, *and it is not incumbent on the plaintiff to show negatively a failure on the part of the defendant to pay.*" (Italics ours.) See *Lanier* v. *Huguley,* 91 *Ga.* 793 (18 S. E. 39). "Ordinarily, where suit is brought for goods sold, it would be sufficient to shift the burden, for the plaintiff to show that the goods were sold and delivered; and in such case payment is an affirmative defense which should be set up and proved by the defendant." *Armour* v. *Bluthenthal,* 9 *Ga. App.* 712 (72 S. E. 170). "A petition that alleges the employment of plaintiff by defendant, performance of stated services, with a general statement of the items of work done, the aggregate value of the same, and the completion of the contract of employment, sets forth a cause of action." *Killkenny Plantation* v. *Furber,* 130 *Ga.* 493 (1) (61 S. E. 14). Under these decisions, the judgment granting the nonsuit as to the claim

for services·set out in the first count of the petition must be reversed, and as to that count à new trial granted.

*Judgment affirmed on main' bill of exceptions; reversed on cross-bill. Jenkins, P. J., and Stephens, J., concur.*