## 26607. BLOCKER v. THE STATE.

DECIDED FEBRUARY 15, 1938.

*F. E. Strickland,* for plaintiff in error.

*R. A. Patterson, solicitor-general, Hooper & Hooper,* contra.

BROYLES, C. J. ■ The defendant was convicted of simple larceny (hog stealing). He was charged in the indictment with stealing eleven hogs. There were some discrepancies between the allegations of the indictment and the proof as to the description of most of the hogs; but as to one of the hogs the description in the indictment and in the evidence was identical. It follows that there was no fatal variance between the allegations of the indictment and the proof, since the defendant would be guilty of the offense charged if he stole only the hog which was properly described; and the evidence authorized a finding that he was guilty of stealing that particular hog. See *Finley* v. *State, 26 Ga. App.* 9 (105 S. E. 497); *Holmes* v. *State,* 20 *Ga. App.* 181 (92 S. E. 963).

■ The court did not commit reversible error in charging that where stolen property is found in the recent possession of a person, and he fails to make a satisfactory explanation of his possession, a presumption of his guilt is raised. It would have been reversible error (unless the verdict had been demanded by the evidence), if the judge had charged that the presumption was one of *law.* And while the charge as given "is on the borderland of being erroneous" (*Morris* v. *State,* 47 *Ga. App.* 793, 171 S. E. 155), it does not require a reversal of the judgment in this case.

■ The court, having properly charged on the defendant's statement, on reasonable doubt, on the presumption of innocence, and on the weight to be given to circumstantial evidence, did not err in failing to charge specifically on a defense raised solely by the defendant's statement to the jury, no request for such a charge having been made.

■ The verdict was amply authorized by the evidence; and the refusal to grant a new trial was not error.

*Judgment affirmed. Guerry, J., concurs. MacIntyre, J., concurs specially.*

MacIntyre, J., specially concurring. The judge in the instant case charged the jury as follows: "Where such property that has recently been stolen and is found in possession of another and such person fails to make a satisfactory explanation of this possession of it, then that would raise a presumption of guilt." Speaking for myself I repeat what was said in *Cook* v. *State,* 49 *Ga. App.* 86, 88 (174 S. E. 195), that such a charge is likely to confuse the jury for they are likely to construe it as conveying the idea that the law raises a presumption of guilt from the recent possession, that the defendant committed the offense of simple larceny. "The law raises no presumption; it simply permits the jury to infer guilt from the fact of recent possession, unaccounted for." *Lewis* v. *State,* 120 *Ga.* 508 (48 S. E. 227). "Where a judge charges that the defendant enters upon the trial of the case with a presumption of innocence in his favor, and then, later on, charges that recent possession raises a presumption of the defendant's guilt, this, while not erroneous under some of the decisions, it seems to us might be confusing to the jury. We therefore think it would be clearer to the jury if the judge avoided the word *presumption* in this latter connection and used some such expression as 'the law permits the jury to infer guilt from the fact of recent possession unaccounted for,' thus bringing out the idea that such possession authorizes a verdict of guilty but does not require it." *Cook* v. *State,* supra. I think this form of charge in the instant case is unfortunate and is likely to unwittingly do the defendant an injustice.